*Thomas C. Ennever*, (*F. O. Trautmann*, of counsel,) for appellant.    *James Henderson*, (*S. Jones*, of counsel,) for respondent.

VAN BRUNT, P. J.    A judgment having been obtained against the defendant, proceedings supplementary to execution were had, and the judgment debtor examined, and a receiver of his property appointed.   By such examination it is claimed that it appeared that at Cornwall, in the state of New York, the judgment debtor had certain property, consisting of household furniture, wagons, harness, farming implements, hay, oats, and corn, and by the order appealed from the judgment debtor was directed to deliver this property to the receiver who had been appointed in the supplementary proceedings, at 20 Nassau street, in the city of New York.   There was a particular enumeration of the wagons, harness, and farming implements, but the number of tons of hay, bushels of oats, and bushels of corn was left blank. From this order the judgment debtor has appealed.

It is plain that the court had no power to compel the judgment debtor to transport this property from Cornwall to this city to be delivered to the receiver.   If the receiver wanted it, he was compelled to go after it, and we rather think that he would have been somewhat embarrassed by receiving at his office, at No. 20 Nassau street, wagons, harness, farming implements, tons of hay, bushels of oats, corn, etc.   In fact the order was one impossible to be complied with.   There is another difficulty with the order, and that is, it was too indefinite.   There was no specification of the number of tons of hay or bushels of corn or of oats.   Who was to determine when the debtor had delivered the bushels of corn, the bushels of oats, and the tons of hay provided for in the order?   As already stated, the court had no power to compel the judgment debtor, under pain of imprisonment, to transport this property from Cornwall to the city of New York.   At the best, the receiver was bound to go to Cornwall, and there receive the property; but it is doubtful, under the circumstances of this case, whether a delivery of the property could be compelled, and whether the receiver must not be remitted to proceedings to recover possession of the same.   The order should be reversed, with $10 costs and disbursements.   All concur.

---

## SMITH *v.* McQUADE.

(*Supreme Court, General Term, First Department.*   January 16, 1891.)

CONTEMPT—DISCHARGE.

On the reversal of an order directing a judgment debtor to deliver certain property to a receiver appointed in supplementary proceedings, an order adjudging the debtor guilty of contempt in not delivering the property also falls, and must be reversed.

Appeal from special term, New York county.

Proceedings supplementary to execution upon a judgment recovered by Catharine L. Smith against Hugh McQuade.   The judgment debtor appeals from an order convicting him of contempt in not obeying an order to deliver certain personal property to a receiver appointed in the supplementary proceedings.   For report of decision on appeal from such order, see *ante*, 62.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thomas C. Ennever* (*F. O. Trautmann*, of counsel,) for appellant.    *James Henderson*, (*S. Jones*, of counsel,) for respondent.

VAN BRUNT, P. J.    The order for the disobeying of which this contempt proceeding was initiated having been reversed, the proceeding must necessarily fall with it.   The order should be reversed, without costs, but with the disbursements of the appeal.   All concur.