### ALTONWOOD PARK CO. OF NEW YORK v. GWYNNE.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

#### No. 175.

1. BANKRUPTCY—CORPORATIONS SUBJECT TO ACT—REAL ESTATE COMPANY.

A real estate company, the principal business of which is the holding of undeveloped real estate, is not one of the classes of corporations enumerated in Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), and is not subject to adjudication as a bankrupt.

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—PETITION TO VACATE ADJUDICATION—STANDING OF CREDITOR TO FILE.

The fact that a creditor of a corporation which had been adjudicated a bankrupt in a petition to vacate such adjudication on the ground that the corporation was not subject to the act, in the erroneous belief that the question raised was jurisdictional, stated that he appeared specially without submitting himself to the jurisdiction of the court is immaterial, and affords no ground for the refusal of the court to consider his petition on the merits.

3. SAME—LACHES.

A creditor who filed a petition to vacate an adjudication in bankruptcy six weeks after he received notice of the adjudication was not chargeable with laches which would defeat his right to be heard where no intervening rights were prejudiced by the delay.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

Morris H. Beal (E. J. Nathan, of counsel), for petitioner.

J. J. Adams, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The Altonwood Park Company, a corporation organized under the laws of the state of New York, was adjudicated a bankrupt. The petitioner, a creditor, filed an application praying that the adjudication should be vacated because the corporation was not subject to be adjudicated a bankrupt. The District Court denied this petition, and the matter comes here for review.

The principal business of the corporation was the holding of undeveloped real estate. It was a real estate company and did not come within the provisions of the bankruptcy law. Matter of Kingston Realty Co. (decided by this court at the present session) 16C Fed. 445. But while the corporation was erroneously adjudicated a bankrupt it is urged that the adjudication should not be set aside because: (1) In his application for the vacation of the adjudication the petitioner stated that he appeared specially, and did not submit himself to the jurisdiction of the court. (2) The petitioner was guilty of laches.

The petitioner evidently thought that he was raising a jurisdictional question and endeavored to protect himself from acquiescing in the jurisdiction of the court. But the question was not one of jurisdiction at all. The District Court had jurisdiction of the parties and of the subject-matter. It was for it to determine whether the business of the corporation was such as to bring it within that class of corporations subject to adjudication in bankruptcy. Its judgment was erroneous, but it had power to make it. Still we think the limited appearance—made upon a mistaken conception of the law—no ground for failing to grant the relief prayed for. The petitioner expressly submitted the substantial matter—the validity of the adjudication—to the determination of the court. The decision upon this question in his favor would end the bankruptcy proceedings. If there are to be no further proceedings, it is immaterial that he be tried to keep out of them.

The second question is whether the petitioner was guilty of laches. While the adjudication was made March 28, 1907, it does not appear that the petitioner was notified of the proceedings until about June 14, 1907. The order to show cause upon the petitioner's application was entered August 2, 1907. It does not appear that there are any intervening rights, and we think the delay shown quite insufficient to constitute such laches as should debar a creditor from showing that the whole bankruptcy proceedings were invalid.

The order of the District Court is reversed with costs.