## In re WENTWORTH LUNCH CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

### No. 26.

BANKRUPTCY (§ 474*)—RECEIVERS—EXPENSES OF RECEIVERSHIP WHERE APPOINTMENT WAS ERRONEOUS.

A District Court had jurisdiction to appoint a receiver for the property of a corporation on the filing of a petition in bankruptcy against it by creditors; but where it was subsequently determined that the corporation was not of the class subject to adjudication as a bankrupt, and its property was already in the custody of an assignee under state laws, so that it did not appear that the appointment was "absolutely necessary" to the preservation of the estate, the appointment was not authorized, and the expenses of the receivership should be charged upon the petitioning creditors, who procured it, and not upon the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 474.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Wentworth Lunch Company, alleged bankrupt. On petition of Girard S. Wittson, assignee, and the Wentworth Lunch Company, to revise an order (189 Fed. 831) directing payment of the expenses of a receivership out of the property of the corporation. Reversed.

A petition to adjudicate the Wentworth Lunch Company a bankrupt was filed by creditors in the District Court. The company answered, setting up that it did not come within the bankruptcy act, being a restaurant corporation. The District Court adjudicated the corporation a bankrupt, but on appeal to this court, the contention of the corporation was sustained (159 Fed. 413, 86 C. C. A. 393), the order of the District Court was reversed, and the Supreme Court of the United States (217 U. S. 591, 30 Sup. Ct. 694, 54 L. Ed. 895) affirmed the decision of this court.

On the day of the filing of the petition in bankruptcy, the District Court, upon the application of the petitioning creditors, appointed a receiver of the property and assets of said corporation, although they were at that time in the possession of an assignee for the benefit of creditors according to the laws of the state of New York.

The District Court directed the payment of the receiver's fees and the expenses of the receivership out of the proceeds of the property of the corporation which came into the hands of the receiver.

Reno R. Billington (Harry K. Jacobs, of counsel), for petitioners.

Maurice P. Davidson (Raymond V. Ingersoll, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The District Court had jurisdiction to hear and determine the issue of law and fact raised upon the bankruptcy petition. As this court said in Altonwood Park Company v. Gwynne, 160 Fed. 448, 87 C. C. A. 409:

"The District Court had jurisdiction of the parties and of the subject-matter. It was for it to determine whether the business of the corporation was such as to bring it within that class of corporations subject to adjudication in bankruptcy. Its judgment was erroneous, but it had power to make it."

And as a corollary to the conclusion that the District Court had jurisdiction of the controversy, it follows that it had power to appoint the receiver. But it does not follow that the expenses of the bankruptcy receivership should be paid out of the property of the corporation, which was not subject to the bankruptcy act, rather than by the defeated parties who instituted the proceedings and obtained the appointment of the receiver. There is nothing in the record to show that it was "absolutely necessary" for the preservation of the estate that a receiver should be appointed. The property was already in the custody of an assignee under state laws and presumably he would do his duty. Nothing is shown to justify the appointment of a receiver within the principles recently laid down by this court in Matter of Oakland Lumber Company, 174 Fed. 634, 98 C. C. A. 388. Moreover, the question whether this corporation was subject to the bankruptcy law was obviously a doubtful one when the petition was filed and it was immediately raised. It was peculiarly a case in which a receiver should not have been appointed unless imperatively required. We find no such imperative necessity and think that the creditors who rushed in and insisted upon an unnecessary receivership should pay the expenses rather than that they should be charged upon the corporation which, as the event proved and as it always insisted, should not have been haled into the bankruptcy court at all.

The order of the District Court is reversed, with costs.