BROUGHAM v. OCEANIC STEAM NAVIGATION CO.

(Circuit Court of Appeals, Second Circuit.  May 12, 1913.)

No. 216.

1. COURTS (§ 39*)—JURISDICTION—EFFECT OF ASSUMPTION.

A court must, as an incident to its general power to administer justice, have authority to consider its own right to hear a cause; but its assumption of authority to proceed in a cause does not confer jurisdiction, where it does not exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 152–156; Dec. Dig. § 39.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONTEMPT (§ 21*)—DISOBEDIENCE OF ORDER OF COURT—VALIDITY OF ORDER.
    The jurisdiction of a court depends upon its right to decide a case, and
never upon the merits of its decision. If it makes an order in a cause
over which it has no jurisdiction, or, having jurisdiction of the cause,
makes an order in it beyond its power, the order in either case is a
nullity, and no one is bound to obey it or liable for disobeying it; but if
it makes an order within its jurisdiction and power, it must be obeyed,
however clearly it may be erroneous, and a disobedience of it is a con-
tempt of the court.
    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 34, 63–66;
Dec. Dig. § 21.*]

3. INJUNCTION (§ 219*)—CONTEMPT—VALIDITY OF ORDER.
    Where a District Court has jurisdiction of a suit by a foreign owner
to limit its liability with respect to a foreign ship, and under the statute
and rules of the Supreme Court the authority to grant a preliminary in-
junction restraining the bringing or further prosecution of suits against
the petitioner to enforce the liability sought to be limited, an order
granting such an injunction is valid, and a disobedience of it is contempt
of the court, without regard to whether or not petitioner shall finally be
adjudged entitled to the limitation prayed for.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 439–441; Dec.
Dig. § 219.*]

In Error to the District Court of the United States for the South-
ern District of New York.

Proceeding by the Oceanic Steam Navigation Company against A.
Leonard Brougham for contempt. From a judgment imposing a fine
on defendant, he brings error. Affirmed.

Writ of error to review an order of the District Court, Southern District
of New York, adjudging the plaintiff in error guilty of contempt of court and
imposing upon him a fine of $200 payable one-half to the United States and
one-half to the petitioner in the limitation of liability proceedings.
It appears from the record that the Oceanic Steam Navigation Company,
Limited, an English corporation, as the owner of the steamship Titanic,
brought a petition to the District Court averring that said steamship, which
was a British vessel, had on her first voyage from England to the United
States, collided with an iceberg in mid-ocean and had received such injuries
that she sank with great loss of life and property. The petition further
averred that the collision and consequent loss were occasioned without the
privity or knowledge of the petitioner; that proceedings had been instituted
against it to recover damages for injuries alleged to have been sustained
through the loss of the steamship; that nothing was saved from the wreck
of the steamship except certain boats and equipment which had been brought
within the jurisdiction and that certain moneys had been paid for passage
and earned as freight. Upon these allegations, the petitioner claimed that
it was entitled to the benefit of the statutes of the United States relating to
the limitation of the liability of ship owners and prayed for appropriate re-
lief including an injunction to restrain the commencement and prosecution
of suits.
Upon the filing of the petition an injunction of the nature prayed for was
issued by the District Court but, notwithstanding, the plaintiff in error, an
attorney at law, began an action against the petitioner in behalf of the rep-
resentative of a person who had lost her life in the sinking of the steamship.
The petitioner instituted and carried on contempt proceedings against the
plaintiff in error on account of the violation of the injunction and in such pro-
ceedings he was fined as above stated and has brought this writ of error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. L. Brougham, of New York City (F. M. Brown, of New York City, of counsel), for plaintiff in error.

Burlingham, Montgomery & Beecher, of New York City (J. P. Kirlin, N. B. Beecher, and Charles C. Burlingham, all of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). In view of the decision of the Supreme Court in Gompers v. Buck Stove, etc., Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, and of this court in Matter of Kahn (C. C. A.) 204 Fed. 581, decided April 14, 1913, it may be doubted whether this case does not present a variance between the procedure adopted—apparently civil in its nature—and the penalty imposed—apparently partly punitive. But the plaintiff in error raises no such question in his assignment of errors and states in his brief that "no fault is found with the regularity of the proceedings to punish the plaintiff in error." Moreover the record may support at least a part of the judgment and the error, if it exist, is not one which we are bound to notice without assignment. In the circumstances, we have concluded to refrain from taking up the question. We think it altogether preferable to defer the consideration of the application of the Gompers decision to orders in the form shown here to an occasion when the question is duly raised and fully presented.

The fundamental question raised by the parties is one of jurisdiction. Did the District Court have power to make the order which the plaintiff in error disobeyed?

[1] It is sometimes said that every court has jurisdiction to determine its own jurisdiction. This is partly true and partly untrue. A court must as an incident to its general power to administer justice have authority to consider its own right to hear a cause. But the mere decision by a court that it has such right when it does not exist does not give it authority. A court by moving in a cause assumes authority but the assumption does not confer it. All of which refinement, however, advances us little in determining the substantial jurisdictional question here.

The jurisdiction with which we are concerned is the power to hear and determine a cause. It is not limited to making correct decisions but includes power to decide wrong as well as right. As applied to a particular controversy it is the power to hear and determine the subject-matter of that controversy. And by this is meant the power to hear and determine causes of the class to which the particular controversy belongs. It is the power to act upon the general question in its relation to the facts presented; to adjudge whether such facts call for the exercise of the abstract power. As said by the Circuit Court of Appeals for the Eighth Circuit in Foltz v. St. Louis, etc., R. Co., 60 Fed. 316, 8 C. C. A. 635:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the

exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question."

[2] The jurisdiction of a court depends upon its right to decide a case and never upon the merits of its decision. The distinction between want of jurisdiction and error is clear. When a court makes an order in a cause over which it has no jurisdiction, it is a nullity. No one is bound to obey it or is liable for disobeying it. Similarly if a court have jurisdiction of a cause and yet make an order in it beyond its power, the order is void. In the one case there is action without any authority; in the other, action in excess of authority. In both cases the order is a nullity, and affords no foundation for contempt proceedings. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402. But if a court have jurisdiction to make an order it must be obeyed however wrong it may be. "The principle is of universal force, that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous." People v. Sturtevant, 9 N. Y. 263, 266, 59 Am. Dec. 536. Errors must be corrected by appeal and not by disobedience. A person proceeded against for disobeying an injunction can never set up as a defense that the court erred in issuing it. He must go further and make out that in the law there was no injunction because the court had no right to adjudicate. These principles have been laid down over and over again and were stated in general terms by the Supreme Court in the early case of Elliott v. Peirsol, 1 Pet. 328, 340 (7 L. Ed. 164):

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities; they are not voidable, but simply void."[1]

[3] Applying these principles in the present case, the inquiry is whether the District Court had jurisdiction of the proceedings in which the injunction was issued. Concededly it had jurisdiction of the parties.[2] Obviously the subject-matter came within the admiralty and maritime jurisdiction. Clearly the statutes and the rules of the Supreme Court gave the District Court general power over proceedings for the limitation of the liability of ship owners. There being no express limitation it would seem, even if there were no guiding authority, that a petition of a foreign ship owner with respect to a foreign ship came within the class of causes over which the court had jurisdiction. The question was whether the facts presented called for

[1] Cases relating particularly to injunctions are Forrest·v. Price, 52 N. J. Eq. 16, 29 Atl. 215; State v. Nathans, 49 S. C. 199, 27 S. E. 52; Silliman v. Whitmer, 173 Pa. 401, 34 Atl. 56; Sullivan v. Judah, 4 Paige (N. Y.) 444.

[2] The right of a foreign corporation to apply to the District Court to limit its liability is settled by the decisions of the Supreme Court in the cases of La Bourgogne, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973, and The Scotland, 105 U. S. 24, 26 L. Ed. 1001, and by other cases in the lower federal courts.

the exercise of the abstract power—whether the statute could be so interpreted as to afford relief. But the authorities make the matter clearer still. The Supreme Court had held in the case of La Bourgogne and The Scotland, already referred to, that foreign ship owners are entitled to limit their liability with respect to foreign ships when incurred in certain circumstances and the question presented by the petition in this case was simply whether the principle of those decisions should be extended to a liability incurred under certain other circumstances. This question was one peculiarly within the primary jurisdiction of the District Court and of no other court. When the petition presenting the question came into that court it had the right under the rules of the Supreme Court to enjoin the prosecution—the beginning as well as the maintenance—of suits against the petitioner. Such injunction called for obedience. The necessity for obeying it did not depend upon what decision the court should subsequently make in granting or denying the relief of limitation. Its jurisdiction was not confined to successful proceedings. The theory that in case it should not find the petitioner entitled to relief, all prior proceedings would be nullities is without foundation.[3]

The injunction having been issued by the District Court within its jurisdiction and the plaintiff in error having disobeyed it, he was, in our opinion, properly adjudged in contempt. We find nothing in the contentions made in his behalf not already examined to excuse him. We are satisfied that he acted with sufficient knowledge; that the modification of the injunction by this court did not work as a pardon, and that no constitutional right of his client justified his disobedience.

The order of the District Court is affirmed with costs.

[3] The case is even clearer than where a court of bankruptcy after taking preliminary action finds that the alleged bankrupt did not come within the statute (Matter of Altonwood Park Co., 160 Fed. 448, 87 C. C. A. 409; Matter of Wentworth Lunch Co., 191 Fed. 821, 112 C. C. A. 335), or where a court after a judgment of condemnation ascertains that the condemning corporation had no authority to take (Foltz v. St. Louis, etc., R. Co., 60 Fed. 316, 8 C. C. A. 635). In such cases the proceedings taken are not void.

Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. 110, is not regarded as to the contrary. In that case it was held that when a new subject is brought by amendment into the limitation statute, it is the duty of the District Court to exercise jurisdiction over a cause involving it. But we find nothing in the decision to support the proposition that the court has no jurisdiction of a limitation proceeding unless it find the petitioner entitled to the benefit of the statute.