## THE ROCHESTER.

### (District Court, W. D. New York. January 19, 1916.)

1. SHIPPING ☜209(2)—LIMITATION OF LIABILITY—WAIVER OF RIGHT.

The owner of a vessel in a proper case is entitled to a limitation of liability against a claim asserted by a libel either in personam or in rem, and in the latter case does not lose the right by giving an undertaking for the release of the vessel.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 647; Dec. Dig. ☜209(2).]

2. SHIPPING ☜207—LIMITATION OF LIABILITY—SCOPE OF STATUTE.

Rev. St. § 4283 (Comp. St. 1913, § 8021), providing for limitation of liability, is not limited to loss of merchandise in course of transportation, but is broad enough to permit a shipowner to claim such limitation for injury to a person aboard the ship.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 555, 643, 644; Dec. Dig. ☜207.]

3. SHIPPING ☜209(3)—PROCEEDING FOR LIMITATION OF LIABILITY—ISSUES.

In a proceeding for limitation of liability, the questions presented are whether there is any liability in fact, and, if so, whether a proper case for limitation of liability is presented.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 652; Dec. Dig. ☜209(3).]

4. SHIPPING ☜207—PROCEEDING FOR LIMITATION OF LIABILITY—NONMARITIME TORTS—"ANY AND ALL DEBTS AND LIABILITIES."

Act June 26, 1884, c. 121, § 18, 23 Stat. 57 (Comp. St. 1913, § 8028), limiting the liability of shipowners for "any and all debts and liabilities," extends to liabilities for torts, maritime or nonmaritime, claimed to have been caused by the negligence of the master and crew, and the fact that a tort is nonmaritime, and not within the admiralty jurisdiction, does not debar the shipowner of the right to maintain a proceeding in admiralty for limitation of his liability.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 555, 643, 644; Dec. Dig. ☜207.]

5. SHIPPING ☜209(2)—LIMITATION OF LIABILITY—RIGHT TO MAINTAIN PROCEEDINGS.

Where libels assert the liability of a vessel, the owner may maintain a proceeding for limitation of liability for the claims, although no property has been attached thereunder.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 647; Dec. Dig. ☜209(2).]

In Admiralty. Proceeding by the Richelieu & Ontario Navigation Company, as owner of the steamship Rochester, for limitation of liability. On exceptions to petition. Overruled.

Brown, Ely & Richards, of Buffalo, N. Y. (Burlingham, Montgomery & Beecher and Roscoe H. Hupper, all of New York City, of counsel), for petitioner.

Hamilton Ward, of Buffalo, N. Y., and Lewis A. McGowan, of Providence, R. I. (Irving W. Cole, of Buffalo, N. Y., of counsel), for claimants.

HAZEL, District Judge. [1] The libelant contends that, by giving the undertaking of the steamer Rochester to pay the claims and allow-

'ing her to proceed on her voyage, the owner elected to waive its right to surrender or to limitation of liability. But this view is not supported by the cases cited in the brief submitted by the libelants. Under the Revised Statutes the owner, notwithstanding the release of the vessel by the undertaking, was entitled to a limitation of liability to the value of its interest in the vessel and freight at the termination of the voyage on which the loss or damage occurred. Such a proceeding is applicable either where the libel was in rem against the vessel or in personam against the owner; the limitation extending to the owner's property as well as to his person. The City of Norwich, 118 U. S. 468, 6 Sup. Ct. 1150, 30 L. Ed. 134.

The adjudications construing sections 4283 and 4285 of the Revised Statutes (Comp. St. 1913, §§ 8021, 8023) and Supreme Court admiralty rules 54 and 56 (29 Sup. Ct. xlv, xlvi) relating to the limitation of liability of the owners of vessels uniformly hold that the statutes in comprehensive terms extend to every case in which the shipowner may desire to claim limitation of liability, and indeed seem to include the complete settlement of every issue raised between the owner and claimants seeking to hold the vessel liable for loss or damage. Admiralty rule 56 indicates that in a proceeding for limitation of liability the owner is at liberty to contest his liability or the liability of the vessel for any loss, damage, or injury sustained; the only requirement being that the petition shall set forth the facts and circumstances under which the exemption from liability is claimed, saving to persons injured the right to contest the asserted right either to exemption from liability or to limitation of liability.

In Providence & New York S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038, it was held that proceedings to limit the liability of shipowners for loss or damage to goods superseded all other actions to recover for such loss in the state or federal courts "upon the matter being properly pleaded therein."

[2] Section 4283 is not limited to loss of merchandise in course of transportation, but states that the owner's liability shall in no sense exceed the amount or value of his interest in the ship for any injury or loss sustained or for "any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity or knowledge of such owner." While no specific reference is made to injury to a person, the wording of the statute broadly includes any loss or damage sustainable aboard the ship, and permits a limitation of liability therefor save where it was occasioned with the privity or knowledge of the owner.

[3] The questions arising in the present proceeding are whether there was any liability in fact, and whether a proper case for limitation of liability is presented. Providence & New York S. S. Co. v. Hill Mfg. Co., supra; The John H. Starin, 191 Fed. 800, 112 C. C. A. 286; Brougham v. Oceanic Steam Nav. Co., 205 Fed. 857, 126 C. C. A. 321. In the latter case it is suggested that where the proceeding is unsuccessful—that is, where the petitioner is not entitled to a limitation of liability—other proceedings or prior proceedings are not nullified; the idea being that, owing to the obvious intention of Congress to free

shipowners from the harsh provisions of the common law, the shipowner should have opportunity to bring all claimants before the court, with a view to adjusting the various claims arising out of a disaster. Butler v. Boston & Savannah S. S. Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017.

[4] Proctor for claimants urges that this proceeding is not maintainable as to claims arising from deaths occurring on land caused by negligence aboard the vessel. The petition does not state where the deceased died, or that they died within the jurisdiction of admiralty; but the absence of such allegations does not in my opinion invalidate the proceeding. In may be true, as has heretofore been decided by this court, that where death occurs on land as a result of the negligence of the master or crew of a vessel, for which the vessel would be responsible had death ensued on board, admiralty is without jurisdiction, and, the remedy being statutory, the action must be at common law; but this does not deprive a shipowner of the right to prove in a limitation of liability proceeding that death did not result from negligence attributable to the vessel, but from other causes. Indeed, the right to litigate the question of liability for death on land in such a proceeding, assuming that admiralty is without jurisdiction, is nevertheless reserved to the shipowner, for the amendment to the act of 1884 extends to all torts, maritime and nonmaritime. In Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. 110, the Supreme Court, in construing section 18 of the act, says:

"We therefore conclude that the section in question was intended to add to the enumerated claims of the old law 'any and all debts and liabilities' not theretofore included. * * * Thus construed, the section harmonizes with the policy of limiting the owner's risk to his interest in the ship in respect of all claims arising out of the conduct of the master and crew, whether the liability be strictly maritime or from a tort nonmaritime."

From this it would seem that it makes no difference whether the liability arises from a maritime tort of which a court of admiralty has jurisdiction, or from a tort not strictly maritime in nature, inasmuch as death occurred on land. I think, therefore, that the owner of the steamship Rochester may limit its liability for death claims, and that such claims are embraced by the words "any and all debts and liabilities," not theretofore included, of section 18 of the act of June 26, 1884.

The question of whether the loss, injuries, or damage were sustained with the privity or knowledge of the owner, and the liability, therefore, one that cannot be limited, can be determined only from the evidence adduced in this proceeding. The first and second exceptions are overruled.

[5] The third exception relates to the contention that a limitation of liability proceeding cannot be maintained as to certain libelants, on whose libels no property has been attached; but, as the libels filed assert claims against the steamer, there exists no ground for refusing the petitioner the benefit of the statute as to such claims. In re Morrison, 147 U. S. 14, 13 Sup. Ct. 246, 37 L. Ed. 60.

The fourth, fifth, sixth, and seventh exceptions also concern matters in relation to which evidence may be given at the hearing, as dis-

tinguished from matters which tend to prevent limitation of liability by the owner, and they are therefore overruled.

The eighth exception relates to laches in surrendering the steamship, and the ninth to a decrease in its value; but I do not think there was any negligent delay in filing the petition or in surrendering the steamship, and as to any decrease in value it is sufficient to say that limitation of liability will be predicated upon the value of the vessel and her freight at the termination of the disastrous voyage. Any decrease in value since the causes of action arose can be ascertained, and an undertaking given to provide therefor. The Passaic (D. C.) 190 Fed. 644.

At the hearing on the exceptions to the petition motions were heard to modify the order restraining the prosecution of claims in actions pending in the Supreme Court of New York and in this court, and to appoint another commissioner in this proceeding to receive claims, but such motions are denied.

Orders may be entered in accordance with the views herein expressed.