**SALVAGE PROCESS CORPORATION et al.
v. ACME TANK CLEANING PROCESS
CORPORATION.**

No. 198.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

———◆———

W. Hastings Swenarton, of New York City, for appellant.

Samuel E. Darby, Jr., and Darby & Darby, all of New York City, for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

This case is a companion to Salvage Process Corporation et al. v. Acme Tank Cleaning Process Corporation (C.C.A.) 86 F.(2d) 725, handed down herewith. The appeal is from an order fining the defendant for the plaintiffs' expenses in prosecuting a contempt of the temporary injunction there considered. After that decree had passed, the defendant made some slight changes in its method and apparatus which it thought would avoid infringement, but which we need not consider. It is indeed abundantly well settled that a defendant may not dispute the validity of an injunction upon a motion to punish him for contempt. Brougham v. Oceanic Steam Navigation Co., 205 F. 857 (C.C.A. 2); McCann v. New York Stock Exchange, 80 F.(2d) 211 (C.C.A.2). This is as true of civil, as of criminal, contempts; the decree creates a right whose violation results in a liability for indemnity. A conviction for criminal contempt may indeed survive the reversal of the decree disobeyed; the punishment is to vindicate the court's authority which has been equally flouted whether or not the command was right. But the same cannot be true of civil contempts, which are only remedial. It is true that the reversal of the decree does not retroactively obliterate the past existence of the violation; yet on the other hand it does more than destroy the future sanction of the decree. It adjudges that it never should have passed; that the right which it affected to create was no right at all. To let the liability stand for past contumacy would be to give the plaintiff a remedy not for a right but for a wrong, which the law should not do. Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853; In re Fanning, 40 Minn. 4, 41 N.W. 1076; Red River Potato Growers' Assoc. v. Bernardy, 128 Minn. 153, 150 N. W. 383; Pelzer v. Hughes, 27 S.C. 408, 3 S.E. 781; Smith v. McQuade, 59 Hun, 622. 13 N.Y.S. 63 (Gen. Term).

Order reversed; motion denied.