## CLARKE v. FEDERAL TRADE COMMISSION.

### No. 9948.

Circuit Court of Appeals, Ninth Circuit.

May 29, 1942.

Oliver O. Clark and Robert A. Smith, both of Los Angeles, Cal., for appellant.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, Merle P. Lyon and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., for appellee.

Before HANEY, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The Federal Trade Commission issued a formal complaint charging appellant with unfair and deceptive practices in commerce[1] in the advertising of a drug called Boncquet Tablets. Appellant answered the complaint and appeared at the hearing in response to a subpoena, but declined to answer any questions put to him. Thereupon the Commission, proceeding under § 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49,[2] obtained from the district court an order requiring him to answer all relevant and material questions. Appellant appeared before the Commission's trial examiner in response to the order, but upon being questioned in that connection he refused to state the quantitative analysis or proportions of the various ingredients used in the manufacture of his tablets, contending that the information was a trade secret which he was not obliged to reveal.

Subsequently there was a contempt proceeding in the district court pursuant to an order to show cause; and after notice and hearing the court again directed appellant to appear as a witness in the proceeding and specifically to answer the question "What are the proportions of the different ingredients in the product Boncquet Tablets?" On the resumption of the hearing before the examiner, appellant appeared but declined to answer the question. Thereupon, on application of the Commission, the district court ordered appellant to show cause why he should not be adjudged in contempt; and after hearing he was held in contempt of the previous orders and was committed until he should purge himself

---

[1] 15 U.S.C.A. § 45.

[2] The pertinent part of the statute is as follows: "Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpœna issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof."

thereof. From this order adjudging him in contempt appellant prosecutes this appeal, alleging that the court was in error in requiring him to testify concerning the proportions of the ingredients used in his compound.

■ At the outset the query presents itself whether, upon this appeal from the order adjudging him in contempt, the appellant may question the propriety of the order requiring him to testify. If the latter order was itself appealable—that is to say, if it was a "final decision" within the meaning of § 128 of the Judicial Code, 28 U.S.C.A. § 225 [3]—then it is reviewable only upon direct appeal. It may not be attacked collaterally for mere error or reviewed upon an appeal from the subsequent order adjudging the party in contempt. 5 C.J.S., Appeal and Error, § 1496, p. 153; 17 C.J.S., Contempt, § 14, p. 19; Howat v. Kansas, 258 U.S. 181, 189, 190, 42 S.Ct. 277, 66 L. Ed. 550; Brougham v. Oceanic Steam Navigation Co., 2 Cir., 205 F. 857, 860; Brotherhood of Railway & S. S. Clerks v. Texas N. O. R. Co., D.C.Tex., 24 F.2d 426, 427. Cf. Beauchamp v. United States, 9 Cir., 76 F.2d 663, 668. Of course, if the order directing appellant to answer the question was void, it could safely be disregarded and would be open to collateral attack. Ex parte Fisk, 113 U.S. 713, 5 S.Ct. 724, 28 L.Ed. 1117; Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832, 833; Beauchamp v. United States, supra. But the order was not void. At most it was erroneous. The Commission had jurisdiction of the subject matter of the investigation. The court had jurisdiction over appellant personally and had statutory authority to order him to testify in the proceeding before the Commission.

In judicial inquiries generally, it has been thought that an order directing a party or a witness to testify or to produce documents is interlocutory, hence not appealable. The party or the witness has no alternative but to obey or be held in contempt. Upon commitment for contempt a right of review for the first times arises. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686. Cf. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558. This principle, or rule of policy as it may with propriety be called, is elaborately discussed in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, where it was held that an order denying motions to quash subpoenas directing persons to appear and produce documents before a grand jury was not a final decision.

But in situations analogous to the present a different rule is applied. A number of cases have arisen under § 12 of the Interstate Commerce Act, 49 U.S.C.A. § 12, which, like § 9 of the Federal Trade Commission Act,[4] authorizes a proceeding in the district court to compel contumacious witnesses to make disclosures before the Commission. In this class of cases the order of the district court directing the witness to answer is final and reviewable. Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047; Harriman v. Interstate Commerce Commission, 211 U.S. 407, 29 S.Ct. 115, 53 L.Ed. 253; Ellis v. Interstate Commerce Commission, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036. In Cobbledick v. United States, supra, the court took note of these decisions, expressing the opinion that there is sufficient justification for treating them differently from those "arising out of court proceedings unrelated to any administrative agency." The court thought that a proceeding under a statute of this type may be likened to "an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience," Cobbledick v. United States, supra, at page 330 of 309 U.S., at page 543 of 60 S.Ct., 84 L.Ed. 783. It is, of course, settled law that the propriety of an injunction can not be tested by appeal from a subsequent judgment in contempt. Howat v. Kansas, supra; Brougham v. Oceanic Steam Navigation Co., supra; Brotherhood of Railway & S. S. Clerks v. Texas N. O. R. Co., D.C.Tex., 24 F.2d 426, 427.

■ Since the order requiring appellant to make the disclosure was a final decision, it may be reviewed only on direct appeal. "Errors must be corrected by appeal and not by disobedience," Brougham v. Oceanic Steam Navigation Co., 2 Cir., 205 F. 857, 860. Appellant confessedly refused to obey the order, so there was no error in holding him in contempt of it.

Affirmed.

---

[3] "The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions * * *."

[4] The pertinent provisions of the two statutes are virtually identical.