**UNITED STATES v. BARKER.**

No. 32666.

United States District Court,
N. D. California, S. D.

June 20, 1951.

Frank J. Hennessy, Chauncey Tramutolo and Macklin Fleming, San Francisco, Cal., for the United States.

422

Pierre J. Ibos, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Before the court is an application for bail pending appeal in United States of America v. Ovieto O. Barker, Criminal No. 32666. Also before the court is an application for bail pending appeal from a judgment and sentence for contempt of court assessed against the defendant for his refusal to answer a question put to him during the trial of the above entitled action after being directed to do so by the court. In addition to the motion for application for bail pending appeal, there is also a motion for stay of execution from the sentences to pay fines on both the criminal action and the contempt proceeding, pending the appeal in both matters. Under the provisions of Rule 46(a)(2), 18 U.S.C.A., it is provided that bail may be allowed pending appeal only if it appears that the case involves a substantial question which should be determined by the Appellate Court. The defendant in this case has given notice of appeal from the judgment and sentence of the court after being convicted by a jury of twenty-four counts of using the mails to defraud. He has also filed a notice of appeal from the judgment and sentence made upon a finding that the defendant was in criminal contempt of the court.

The "substantial question" which the defendant alleges here is that the court erroneously permitted the government to cross examine the defendant on matters not covered by the scope of defendant's direct examination. Since the defendant voluntarily took the witness stand, there is no question but what he subjected himself to cross examination as to any matter raised by the direct examination, and to that extent he waived the privilege against self-incrimination. Harrold v. Territory of Oklahoma, 8 Cir., 169 F. 47; Tucker v. United States, 8 Cir., 5 F.2d 818; Ziegler v. United States, 9 Cir., 174 F.2d 439; United States v. Gates, 2 Cir., 176 F.2d 78. While this court at the time of trial was of the opinion, and now is of the opinion, that the cross examination of the defendant was properly within the scope of the direct examination, the court cannot say that the appeal in the criminal action is frivolous or has been taken purely for delay, and in view of the discussion in the case of Bridges v. United States, 9 Cir., 184 F.2d 881, 884, the court cannot say that there is not a substantial question to be determined by the Appellate Court. See Also: D'Aquino v. United States, 9 Cir., 180 F.2d 271, Williamson v. United States, 2 Cir., 184 F.2d 280. Both the direct and cross examination of the defendant were lengthy, and it would serve no useful purpose on this motion to attempt to prejudge what the Appellate Court is going to decide on appeal. It suffices to say that under the present state of the record and under the number of cases which discuss this general subject, Tucker v. United States, 8 Cir., 5 F.2d 818; Ziegler v. United States, 9 Cir., 174 F.2d 439; United States v. Gates, 2 Cir., 176 F.2d 78 Compare: Wigmore, Evidence (3rd Ed.) § 2276,) there is a sufficient question for the Appellate Court to decide to warrant the granting of bail on appeal in the criminal action.

However, the same conclusion does not follow as to the application for bail pending the appeal from the judgment of contempt. The defendant was adjudged to be in contempt of court when he refused to answer a question on cross examination after he had claimed that the answer to the question would tend to incriminate him, and that he claimed his Constitutional privilege against self-incrimination. At the same time his counsel objected to the question upon the grounds that it was not proper cross examination, which objection was overruled by the court. After being advised by the court that he had waived the privilege by voluntarily taking the witness stand, and after being instructed by the court to answer the question, he refused to answer. He was thereafter adjudged to be in contempt of court, Rule 42(a), for a criminal contempt committed in the presence of the court, and subsequently sentenced to imprisonment for ninety days and to pay a fine of $1,000. In this case there is no substantial question for an

Appellate Court to decide, since it is clear that the conduct of the defendant was a criminal contempt of the court. The defendant takes the position that the question asked him was improper cross examination, and that therefore the court committed error in overruling the objection, and in effect caused the defendant to be a witness against himself. Assuming, without conceding that it was error for the court to overrule the objection and to instruct the witness to answer the question, the defendant's remedy was to appeal and not to openly and brazenly defy the court's order and authority. Inasmuch as the court has jurisdiction of the action in which the order was made, the defendant was bound to obey its order, even though erroneous. United States v. United Mine Workers of America, 330 U.S. 258, 295, 67 S.Ct. 677, 91 L.Ed. 884; United States v. Shipp, 203 U.S. 563, 27 S.Ct. 165, 51 L. Ed. 319; Brougham v. Oceanic Steam Navigation Co., 2 Cir., 205 F. 857; Trickett v. Kaw Valley Drainage District, 8 Cir., 25 F.2d 851; Western Fruit Growers v. Gottfrid, 9 Cir., 136 F.2d 98. See Also 17 C.J.S., Contempt, § 14, page 19 "Disobedience of a mandate, order, judgment, or decree which is void or issued by a court without jurisdiction is not a contempt; but disobedience of an erroneous order, if made by a court within its jurisdiction, constitutes contempt."

It is therefore ordered that the defendant's application for bail pending appeal from the judgment and sentence for contempt be and the same is hereby denied.

■ The record discloses that the defendant may be a security risk, and it is essential that any bail set in this case be of a substantial amount. The calculated and studied contempt by the defendant, taken together with the affidavit of his previous bondsman that he intended to flee prior to the trial of this case, makes it essential that substantial bail be required.

It is further ordered that the defendant's application for bail pending the appeal from the judgment and sentence in the criminal action, No. 32666, be and the same is hereby granted when the defendant has completed his sentence of imprisonment

for contempt of court, and upon the completion of the sentence for contempt he shall be released on bail in the sum of thirty-five thousand dollars ($35,000).

■ It is further ordered that the judgment and sentence to pay the total fine of $12,000 in criminal action No. 32666 be stayed pending appeal, providing that the defendant shall, within ten (10) days, deposit the sum of $12,000 in the registry of the District Court.