**Ben H. FRANK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9234.**

United States Court of Appeals
Tenth Circuit.

Oct. 26, 1967.

Rehearing Denied Nov. 7, 1967.

---

24. See note 18, supra. Since Charles, Sr. selected competent men to moor the corporation's barges and was not on notice as to the existence of any defect in the location, mooring or condition of these barges on this record, it would appear, but it is not necessary to decide, that his estate is entitled to at least the benefit of the limitation of liability provided for in 46 U.S.C. § 183. See Coryell v. Phipps, note 2, supra.

John B. Ogden, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., and Arthur F. Mathews, Washington, D.C., and Richard S. Kraut, Attys., for U.S. Securities

and Exchange Commission, on the brief), for appellee.

Before WILBUR K. MILLER *, BREITENSTEIN, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After a trial without a jury, the district court found appellant Frank guilty of criminal contempt because of violations of a 1952 order restraining him from the use of interstate facilities in the sale of certain oil interests unless a registration statement was in effect with the Securities and Exchange Commission. The imposition of sentence was suspended for three years and appellant was placed on probation. This appeal followed.

The authority of the United States to bring the criminal contempt charges is questioned because the injunction was obtained by the Securities and Exchange Commission. The application shows that it was brought both by the United States attorney and by the Commission. The action by the United States attorney is authorized by Rule 42(b), F.R.Crim.P. Additionally the court appointed the United States attorney, his assistants, and an attorney for the Securities and Exchange Commission to prosecute the charges. The requirements of the rule were satisfied.

Appellant says that the 1952 injunction is invalid because it enjoins acts that are criminal offenses. This is permissible under the decision in In re Debs, 158 U.S. 564, 594, 15 S.Ct. 900, 39 L.Ed. 1092. The grant of injunctive relief in an action brought by the Commission is authorized by 15 U.S.C. § 77t(b). Service was had on the appellant who did not contest the action, did not appeal from the judgment entered, and has never sought modification or release of the injunction. When a court has jurisdiction of the subject matter and person, its orders must be obeyed until reversed for

error by orderly review.[1] This proceeding presents no jurisdictional issue.

The sufficiency of the evidence is attacked on the ground that the appellant did not sell securities in violation of the injunction but instead borrowed money on the security of promissory notes given by him. Appellant placed advertisements in two Tulsa newspapers having substantial out-of-state circulation and in those advertisements promised extravagant profits. Replies were by mail to an indicated box number. Each investor received a promissory note and contract entitling him to convert the note into shares of Progress Oil & Mining Company. No registration statement was filed with the Commission. After hearing the testimony of investors and of the appellant, the trial court found the appellant had no intention of paying the notes and that the money advanced was an investment in oil and not a loan. In Securities and Exchange Commission v. C. M. Joiner Leasing Corporation, 320 U.S. 344, 352–353, 64 S.Ct. 120, 88 L.Ed. 88, the Supreme Court held that in determining whether oil transactions were within the definition of security stated in the Securities Act of 1933, 15 U.S.C. § 77b(1), the test is "what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect." The record before us satisfied those tests.

The district court denied appellant's request for a jury trial. The claim that a jury trial is required by 18 U.S.C. § 3691 is without merit. That section provides for jury trials in certain criminal contempt proceedings but exempts contempts "committed in disobedience of any lawful * * * order * * * entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." The charge here is disobedience of a lawful order entered

* Of the District of Columbia Circuit, sitting by designation.

1. Howat v. Kansas, 258 U.S. 181, 189, 42 S.Ct. 277, 66 L.Ed. 550. See also United States v. United Mine Workers of America, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884.

in a suit brought by the Securities and Exchange Commission, an agency of the United States.

 In Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1537, 16 L.Ed.2d 629, the Court upheld the power of a federal court in a criminal contempt proceeding to impose a sentence not exceeding six months without a jury trial or waiver thereof. In so holding the Court pointed out that the constitutional right to jury trial does not attach to petty offenses and that under 18 U.S.C. § 1 a petty offense is a misdemeanor the penalty for which does not exceed six months imprisonment or a $500 fine or both. In the case at bar the imposition of sentence was suspended and the appellant was placed on probation for three years. Section 3401 relates to petty offenses and says that the "probation laws shall be applicable" thereto. Under 18 U.S.C. § 3651 the maximum period of probation is five years. In the circumstances we believe that the denial of a jury trial was proper and that the judgment is permitted by the Cheff decision and the applicable statutes.

Affirmed.