**Vardaman S. DUNN, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 9142.**

United States Court of Appeals
Tenth Circuit.

Jan. 24, 1968.

---

Jack N. Hays, Tulsa, Okl. (David H. Sanders, Tulsa, Okl. and Charles Clark, Jackson, Miss., on the brief), for appellant.

Hubert A. Marlow, Asst. U. S. Atty. (John M. Imel, U. S. Atty. and Robert P. Santee, Asst. U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a companion case to Hyde Construction Company v. Koehring Company, No. 8717, 10 Cir., 388 F.2d 501, decided this day. Reference is made to the factual background there described.

Appellant Dunn was found guilty of criminal contempt because of the violation of a March 11, 1964, temporary restraining order entered by the United States District Court for the Northern District of Oklahoma. That order forbade Hyde Construction Company, its attorneys and agents, from proceeding with a state action pending in the Chancery Court of Mississippi. We have held in case No. 8717 that such order was invalid under 28 U.S.C. § 2283. Dunn contends that the federal court did not have jurisdiction because the case had been voluntarily dismissed under Rule 41(a) (1), F.R.Civ.P. We have held to the contrary.

 Dunn says that he had no free choice because the Mississippi court had ordered him to proceed with the trial before it. The record does not sustain the contention.[1] Dunn further argues

---

1. The following occurred in the Mississippi state court after the parties had been notified of the Oklahoma federal court restraining order.

"By Mr. Dunn. * * * We are in this Court. We are under the jurisdiction of this Court. We have our witnesses here. We have our records here. We have already commenced the trial of this case, and I concede it that under the order of this Court we shall proceed, and therefore I am ready to proceed.

By the Court: And is it your desire to proceed?

By Mr. Dunn: Yes, sir.

* * * * *

By the Court: * * * The Court is not forcing the issue. Of course, if you gentlemen want to recess we probably can recess this trial to March 23rd.

* * * * *

By Mr. Landrum (counsel for Koehring): Judge, I would like to make our position clear with respect to the announcement made by the Court, and that is that counsel for the defense are perfectly willing for this case to be

that his duty to his client required him to proceed with the Mississippi trial. Devotion to a client is no excuse for the violation of a court order.

■■ Our decision that the restraining order was invalid because forbidden by 28 U.S.C. § 2283 does not destroy the criminal contempt conviction. When a court has jurisdiction of the subject matter and person, its orders must be obeyed until reversed for error by orderly review.[2] The district court had the requisite jurisdiction. Although it may be that Dunn did not have an opportunity to appeal the restraining order which had a life of only ten days,[3] he should have obeyed it for that short period. The Supreme Court has said that: "Violations of an order are punishable as criminal contempt even though the order is set aside on appeal, * * *."[4]

Our greatest difficulty is that the district court acted on the assumption that its order was valid. We have held to the contrary with the result that Dunn is subjected to punishment for disobedience of an invalid order. A somewhat comparable situation was before the Supreme Court of the United States in Donovan v. City of Dallas, 377 U.S.

408, 84 S.Ct. 1579, 12 L.Ed.2d 409. In that case an attorney and others had been convicted of criminal contempt by a Texas state court for violation of an order which the Supreme Court held was invalid. The Supreme Court pointed out that the Texas state court acted on the assumption of validity of the order and said (Id. at 414, 84 S.Ct. at 1583):

"Since we hold the order restraining petitioners from prosecuting their case in the federal courts was not valid, but was invalid, petitioners have been punished for disobeying an invalid order. Whether the Texas court would have punished petitioners for contempt had it known that the restraining order petitioners violated was invalid, we do not know. However, since that question was neither considered nor decided by the Texas court, we leave it for consideration by that court on remand. We express no opinion on that question at this time."

■ We believe that the same result should be reached in the case at bar. Accordingly, the judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

deferred until March 23, and request that it so be deferred.

By the Court: I think in order for an agreement to be entered it would be necessary for counsel for both sides to agree to it.

By Mr. Dunn: Your Honor, I state again that I am in this Court and prepared for trial. I am here to try the case at great inconvenience and expense, and I am here under the order of this Court that this case is to be tried commencing at 2:00 P.M. today, and I have every intention of carrying out the order of this Court.

By the Court: All right, we will be back in the morning at 9:30."

The foregoing is taken from the record before us in No. 8717.

2. Frank v. United States, 10 Cir., 384 F.2d 276, citing Howat v. State of Kansas, 258 U.S. 181, 189, 42 S.Ct. 277, 66 L.Ed. 550, and United States v. United Mine Workers of America, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884.

3. In Hyde Construction Company v. Koehring Company, opinion filed this date, we recognize that the general rule is that a temporary restraining order of this type is not appealable.

4. United States v. United Mine Workers of America, 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884. See also Salvage Process Corporation v. Acme Tank Cleaning Process Corporation, 2 Cir., 86 F.2d 727.