**UNITED STATES of America,**
**Plaintiff,**

v.

**PUERTO RICO INDEPENDENCE PAR-TY, Quaquer Religious Groups, Juan Mari Bras, Roman Catholic Religious Groups, Gus Hall, Ruben Berrios, John Doe 1, et als., Defendants.**

Civ. No. 36-71.

United States District Court,
D. Puerto Rico.

Feb. 9, 1971.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for plaintiff.

Roberto Busó Aboy, Santurce, P. R., Noel Colón Martinez, Olaguibet López Pacheco, Rio Piedras, P. R., William Fred Santiago, Luis M. Villaronga, for defendants.

## RESOLUTION AND ORDER

TOLEDO, District Judge.

On January 20, 1971, this Court issued a Temporary Restraining Order in the above captioned case, addressed to respondents. This order was served on some of the respondents in the early hours of January 21, 1971, in Culebra, Puerto Rico. On that same date, in view of respondents' expressed attitude of not complying with the terms of said restraining order, this Court issued an order to respondents to show cause why they should not be held in contempt of court for having violated said restraining order. It set January 21, 1971 at 3:30 P.M. as the date and hour for the respondents to show cause as aforementioned. On January 21, 1971 at 4:30 P.M., the Court opened its session at which time, respondents' attorneys appeared and stated that respondents did not show up to answer the order to show cause because said order had only been served on respondents two hours previously.

Even though the evidence presented at that hearing showed that, when served with said order to show cause, respondents clearly stated that they would not comply with the temporary restraining order unless arrested, and even though the evidence presented showed that respondents were offered transportation by the U. S. Marshals in order to comply with said order to show cause, and that said offer was turned down by respondents, the Court granted the respondents until January 22, 1971 at 3:30 P.M., that is, the following day, to comply with said order to show cause.

On January 22, 1971, at 3:30 P.M., the respondents Dan Balderston, Benjamín Pérez, Francisco Rodríguez, Rubén Berríos, Luis Rivera and Luis Avalo, did not appear in answer to the order to show cause, but instead, their attorneys, on their behalf and in their representation, informed the Court that they had contacted their clients, herein respondents, Dan Balderston, Benjamín Pérez, Francisco Rodríguez, Rubén Berríos,

Luis Rivera and Luis Avalo, and it was their decision that they would not comply with the temporary restraining order of this Court and that they would not leave the premises subject of the said temporary restraining order unless arrested.

As a result, a bench warrant for the arrest of respondents, Dan Balderston, Benjamín Pérez, Francisco Rodríguez, Rubén Berríos, Luis Rivera and Luis Avalo, was issued by the Court, which arrest was executed on the night of January 22, 1971.

On January 29, 1971 at 2:00 P.M., after the temporary restraining order had elapsed and date set for the hearing as to whether a preliminary injunction should be issued, the respondents, Dan Balderston, Benjamín Pérez, Francisco Rodríguez, Rubén Berríos, Luis Rivera and Luis Avalo, and eight other respondents, Luis Alonso, Víctor Ayala, Claro Feliciano Rivera, Nicholás Pagán, Perfecto Santiago Rosario, Flores Soto, Humberto Tapia and Aurelio Villanueva, who had been subsequently arrested for violation of the temporary restraining order filed a motion to nullify said temporary restraining order on the grounds this Court lacked Jurisdiction and also because:

"1.—The said temporary restraining order violated defendants' rights to due process of law and the equal protection of the law guaranteed by the 5th and 14th Amendment to the Constitution of the United States, and is, therefore, null and void, because the strict mandatory procedure set forth in Rule 65(b) of the Federal Rules of Civil Procedures was not followed in the present case. No specific facts were presented to the Court showing that immediate and irreparable injury, loss or damage would result to the United States before the appearing parties could be heard in opposition.

a) Applicant's attorneys completely failed to certify to this Court in writing, the efforts, if any, which had been made to give the notice and the reasons supporting its claim that notice to defendants should not be required.

b) The temporary restraining order does not define the injury and state why it is irreparable and why the order was granted without notice.

2.—The temporary restraining order further violates the rights guaranteed to defendants by the 5th and 14th Amendment to the Constitution of the United States, and is, therefore, null and void, because the strict mandatory procedure set forth in Rule 65(b) of the Federal Rules of Civil Procedure was not followed.

a) The temporary restraining order fails to set forth the reasons for its issuance.

b) The temporary restraining order is so vague and unspecific as to be meaningless.

3.—The temporary restraining order must be set aside because it violates the basic freedoms of speech and of the right of the people peaceably to assemble and to petition the Government for a redress of grievances and the right to the free exercise of religion guaranteed to defendants by the First Amendment to the Constitution of the United States.

4.—The temporary restraining order must be set aside because this Court lacked jurisdiction over the persons of the defendants."

Argument of respondents' attorneys and of the United States Attorney was heard, and legal memoranda of both parties was received and studied carefully.

Having been informed in the premises, it is the considered opinion of the Court, that the question of the validity of the temporary restraining order of the Court is moot once the term of duration of said temporary restraining order has elapsed and the respondents have elected to disobey said temporary restraining order instead of seeking direct review of said order.

Backo v. Local 281, United Brotherhood of Carpenters and Joiners, 308 F. Supp. 172 (D.C., 1969); Bullock v. United States., 6 Cir., 265 F.2d 683; United

States v. Maragas, 6 Cir., 390 F.2d 88; W. R. Grace & Co. v. Hargadine, 6 Cir., 392 F.2d 9; United States v. Hammond, 4 Cir., 419 F.2d 166; Pettway v. American Cast Iron Pipe Co., 411 F.2d 998 (5 Cir., 1969); United States v. Roundtree, 5 Cir., 420 F.2d 845; United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884; United States v. Shipp, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319; Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550; Russell v. United States, 8 Cir., 86 F.2d 389; Locke v. United States, 5 Cir., 75 F.2d 157; O'Hearne v. United States, 62 App.D.C. 285, 66 F.2d 993; Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832; Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853; Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 86 F.2d 727; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797.

Walker v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210; United States v. Barker, D.C., 11 F.R.D. 421; United States v. Thompson, 2 Cir., 319 F.2d 665; Securities & Exchange Commission v. Okin, 2 Cir., 137 F.2d 862; Yates v. United States, 10 Cir., 316 F.2d 718; Heasley v. United States, 8 Cir., 312 F.2d 641; Brougham v. Oceanic Steam, 2 Cir., 205 F. 857; Jennings v. United States, 8 Cir., 264 F. 399; International Brotherhood of Teamsters, etc. v. United States, 4 Cir., 275 F.2d 610.

Respondents, Dan Balderston, Benjamín Pérez, Francisco Rodríguez Rubén Berríos, Luis Rivera and Luis Avalo, should have raised the question of the validity of the Temporary Restraining Order before openly disobeying it.

They would have always had this avenue open to them. Instead, once they were served with a certified copy of the temporary restraining order, they expressly stated to the United States Marshals that they would not leave the premises object of the restraining order unless arrested, and, in fact, did not leave said premises until arrested on the night of January 22, 1971, and on subsequent dates.

As stated by the United States Supreme Court in the case of Walker v. City of Birmingham in 1967, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210:

"One may sympathize with the petitioner's impatient commitment to their cause. But respect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom."

Therefore, respondents' motion to nullify the temporary restraining order is hereby denied.

It is so ordered.