CALCULAGRAPH CO. v. WILSON.

(Circuit Court, D. Massachusetts. March 18, 1905.)

No. 2,064.

**1. PATENTS—INFRINGEMENT—VIOLATION OF INJUNCTION.**

The Hamilton patent, No. 424,291, for an apparatus for recording measurements of time, space, or quantity, claim 1, and the Abbott patent, No. 593,320, for a calculagraph, which embodies the invention of the Hamilton patent in a machine for automatically recording the length of time a long-distance telephone has been in use, claim 1, *held* infringed by a new machine, made by defendant after having been enjoined from infringement of said claims, and the offering for sale of such new instrument to have been a violation of both the preliminary and permanent injunctions, constituting a contempt of court.

**2. SAME—PROCEEDINGS FOR CONTEMPT.**

The attempt of a defendant who has been enjoined from infringement of a patent to see how closely he can imitate the patented device without infringement is not looked upon with favor by the courts, and where the new structure in fact infringes it is no defense to contempt proceedings for violation of the injunction that defendant acted under advice of counsel.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 479; vol. 38, Cent. Dig. Patents, §§ 616–618.]

In Equity. In the matter of petition for attachment for contempt.

Edwin J. Prindle, for petitioner.

Frederick L. Emery and J. Steuart Rusk, for respondent.

HALE, District Judge. This case now comes before the court upon a rule to show cause on a petition for attachment for contempt, brought by the complainant against the defendant. This court, in 132 Fed. 20, had before it the question of the validity of the patents in suit and of their infringement. The court ordered a decree to be entered for the complainant, for an injunction, and for an accounting. A preliminary injunction had already been decreed by the court. Defendant is charged with violating both the preliminary and the final injunctions. The affidavits brought before us show that since the issuance of the injunction the defendant has designed, manufactured, and offered for sale a certain machine, which is referred to for convenience as the "New Wilson Machine." The evidence offered in the affidavits tends to show that this machine is designed for use on telephone switch boards. It consists of a case, having a rotating clock movement, an annular die within a stationary dial die. The annular die is provided with two graduations, spaced apart a distance equal to the initial period allowed by the telephone companies for the minimum charge, usually three minutes. The machine shows a pointer in juxtaposition with the zero or initial graduation, the pointer being curved around to connect with the last graduation, the two graduations and the pointer thus forming a U-shaped or horseshoe figure. The annular die rotates once an hour. Within the annular die is a disk carrying an hour hand. A single platen serves to press a card against the dies. The card is held in a definite position by the base of the bracket which forms the guide for a plunger stem, and by another guide secured upon the frame of the

machine. In the operation of the machine, the card is placed against the guides. When the telephone is put in use, the platen is depressed, making an impression showing the hour dial and the zero or initial graduation, with the pointer in juxtaposition thereto. It also shows the final, or three minutes, graduation, and also the hour hand. At the close of the period of the use of the telephone the card is again replaced, and the platen again depressed, resulting in a second impression of the hour dial, and in a second impression of the pointer. The initial and the three minutes graduations are also imprinted. The hour hand is also again printed, but, as nearly all the telephone messages are less than three minutes in duration, the change in the position of the hour pointer is usually very slight. It will be seen that the impressions of the rotating graduations and pointer are made very close to the graduations of the hour dial; and so the period of use can be determined by simply counting the graduations on the hour dial occurring between the two impressions of the pointer. It can also be determined at a glance whether or not the initial period has been exceeded by noticing whether or not the two horseshoe impressions formed by the zero and three minutes graduations and the pointer overlap. If they overlap, it is evident that the telephone was in use less than the initial period, and that there are no excess minutes to be charged for. If the two horseshoe impressions are separated from each other, it will be seen at a glance that the initial period was exceeded. The amount of excess time can be determined by counting the graduations on the hour dial, either between the two impressions of the pointer, or between the first impression of the three minutes graduation and the second impression of the pointer.

The defendant urges that his machine is merely an adaptation of the time stamp of the Emerson patent, and that it involves nothing new when compared with that patent. We have already discussed the Emerson patent in our former opinion, and have stated the material elements in the time stamps which were brought before us in considering the prior art. The Emerson machine was not intended automatically to record elapsed time Upon a careful examination and study of the new machine, we are satisfied that the defendant has added new elements to the Emerson patent, and has brought his device within the range of infringement. In coming to this conclusion we have given full weight to the very elaborate, ingenious, and able argument of the learned counsel for the defendant. The Emerson patent was not an anticipation of the patents at issue in this case. His machine was not a device for automatically recording elapsed time. The defendant appears to have taken the Emerson stamp as his basis, but he has added elements to it which have made it a device for automatically recording elapsed time. He has made use of the transverse end of the pointer or arrow, which appears, as it seems to us, to be by chance in the form of a horseshoe. This he has modified and applied in such a way as to make it capable of showing at a glance a three-minutes interval of time. He has thus made two graduations out of the two ends of the horseshoe device, and made these two graduations to show at a glance whether the initial period has been exceeded. It will be noted, also, that the time in minutes within the grasp of the horseshoe, or outside of it, can be deter-

mined by counting the graduations on the hour dial, which may be conveniently used for that purpose, and is evidently intended for such use. The new machine also shows guides which were not in the original Emerson patent, but which are necessary for effecting an accurate second impression and for automatically recording elapsed time. He has effected what he assumes to be a great improvement over the timometer, or the calculagraph, in that the horseshoe device shows at a glance whether or not a conversation has extended beyond the limit of initial time. The series of two graduations made by his horseshoe device seems to be an equivalent in its purpose, function, and method of performance of the semicircle of graduations of the Hamilton patent.

Comparing the defendant's construction now brought before us with the first claim of the Hamilton patent, we are of the opinion that this device is not, in practice, different from the minutes dies of the timometer. The evident purpose of the series of two graduations which the horseshoe device presents is to enable the operator to ascertain automatically the interval of elapsed time. As such, we think it is an equivalent of the series of progressive numerals in the Hamilton patent. We come to this conclusion after giving the doctrine of equivalents the same scope that we applied in discussing the timometer in our former opinion. Comparing the device now brought before us with the first claim of the Abbott patent, we think that the new Wilson machine is an offending device within the terms of this claim. This machine is especially adapted for measuring a space of three minutes elapsed time. To do this it has two graduations, which take the place of the more numerous graduations of the timometer. But this machine, as well as the timometer, is a device for printing a record of intervals and for printing the time of day. The clockwork which drives the shaft in this machine is a "single motor for driving the dies." This machine, as well as the timometer, has a lever adapted by alternate movements to cause impressions to be made from the dies. The machine before us appears to be the equivalent of a combination found in the timometer to infringe the first claim of the Abbott patent. The defendant lays great stress on the fact that infringement of the Abbott patent by the timometer was found by the court because of the additional seconds dial having the two-part platen, whereas this seconds dial and its platen are wholly lacking in the device now brought before the court. Defendant argues from this fact that he has escaped infringement of the first claim of the Abbott patent; but the modification of the seconds elapsed time dies of the timometer, by incorporating into them features of the minutes dies of the timometer, does not in any way eliminate the principles of the inventive thought which forms the subject of this claim of the Abbott patent. It makes no difference in principle whether the seconds dies are taken as the method of printing the record of intervals or whether the minutes dies are so taken. The two sets of dies must be held to be equivalents. It does not avoid infringement to substitute one equivalent for the other, with a corresponding change of the operating lever.

It is not necessary in passing upon the matter of contempt to go into the details of infringement. We are satisfied that the new machine is not in principle different from the timometer in its relation to the first claim

of the Hamilton patent, nor in relation to the first claim of the Abbott patent; we think it is an infringement of the first claim of both patents. We are of the opinion that both machines perform the same function in substantially the same way to effect the same result. The whole testimony brought before us in the affidavits tends to persuade the court that the defendant, in producing this device, was endeavoring to avoid infringement, and at the same time to imitate as closely as possible the devices which we have passed upon in our former decision. That he did this under the advice of counsel is no defense. The attempt to see how near one can come to an infringement and escape it involves great danger, and is not looked upon with favor by courts. We are of the opinion that in making his new machine the defendant has violated the preliminary injunction in this case; and that, by offering the machine for sale and furnishing it to others to use, he has violated both the preliminary and the final injunction. We will not now pass upon the question of penalty, but leave it for a future decree. Let the decree therefore be entered:

Defendant adjudged to be in contempt of both the preliminary and the final injunction in this case.