## E. INGRAHAM CO. v. GERMANOW et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

### No. 177.

Patents ⬅═⇒327—Parties by consent decree estopped from making, using, or selling article, or aiding another to make it.

Defendants, who consented to entry of decree holding valid patent which in another suit was thereafter held invalid, were not only estopped from making, using, and selling article described in patent themselves, but could not aid another to make it.

Appeal from the District Court of the United States for the Western District of New York.

Suit by the E. Ingraham Company against Harry Germanow and Julius Simon, doing business under the firm name and style of the Germanow-Simon Machine Works, and the G–S Corporation. From an order declaring contempt and awarding compensatory damages, defendants appeal. Order affirmed.

See, also, 4 F.(2d) 1002.

Plaintiff owns patent 14,458, for an improvement in watch crystals, to wit, substantially transparent celluloid coverings for watch faces and the like.

This suit was brought against defendants for infringement in the usual manner. A consent decree was entered in 1922, adjudicating said patent as "good and valid in law as to each and both of claims 3 and 4 there-

of." Subsequently plaintiff brought suit against another alleged infringer, who contested the patent, and claims 3 and 4 were declared void for lack of patentable invention in Ingraham v. Silver (C. C. A.) 297 F. 194.

These defendants, after consenting to the decree above referred to, took out a license under the patent, which license was terminated before the events giving rise to this appeal.

On learning that the vital claims of the patent had been voided by our decision in the Silver Case, and after the termination of the license aforesaid, these defendants made and sold an article which plaintiff conceived to be an infringement, whereupon a motion was made to punish defendants for contempt in violating the above consent decree. The court below substantially refused relief, whereupon plaintiff appealed to this court, and in Ingraham Co. v. Germanow, 4 F.(2d) 1002, we held that defendants were by the consent decree estopped to deny validity of the claims in suit on plaintiff's motion to punish for contempt. The case thereupon went back to the lower court, and an order was entered awarding to plaintiff what the court regarded as compensation for the acts of defendants in violation of the consent decree aforesaid.

From this order, declaring contempt and awarding what were held to be compensatory damages, defendants took this appeal.

Duell, Anderson & Duell, of New York City (Holland S. Duell and J. E. Daniels, both of New York City, of counsel), for appellants.

O. Ellery Edwards, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. We held upon the last appeal in this suit that, although decree had been entered upon defendants' consent, and although the issues were not litigated, defendants were as much bound by the adjudication to which they had agreed as though the later (Silver) suit had never been brought. That means, in our opinion, that claims 3 and 4 of patent 14,458 are, so far as these defendants are concerned, as valid and enforceable as though all the courts in this circuit had upheld the claims, instead of upholding the Silver defense thereto.

The proposition now is that the infringement, so called, by defendants is and always has been contributory; that contributory in-

fringement is the intentional aiding of one person by another in the unlawful making or selling or using of the patented article (Henry v. Dick, 224 U. S. 1, 32 S. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880); but under the Silver decision there is no patented article, because the patent is invalid. Wherefore it is impossible for the defendants, by merely aiding another to do what *he* can do, although *they* cannot, to be guilty of any infringement at all.

The argument seems to us specious rather than sound, for it assumes the invalidity of the patent and treats the personal inability of defendants to manufacture the completed article which the claims describe merely as a personal misfortune arising out of inadvertent consent given, it is said, on the advice of one who was not skilled in patent law.

This, as we have indicated, is an incorrect view of the extent of the consent decree. By it the defendants were not only estopped from making, using, and selling the entire article described in claims 3 and 4, but they were bound to admit in all and every relation regarding this article of manufacture with this plaintiff the validity and enforceability of these claims. For them the claims are good, no matter what they may be for other people. It follows that these defendants can no more aid some one else to make the article than they could make it themselves.

It is further assigned for error on this appeal that the theory of damages adopted by the court below was erroneous and the amount granted excessive. We have examined this matter, and are unable to perceive that any rules of law were violated, or that there was any abuse by the lower court of such matters as lay in discretion.

The order appealed from is affirmed, with costs.