**WHITE et al. v. LOMBARDY DRESSES, Inc.**

**No. 10–28.**

District Court, S. D. New York.

Oct. 13, 1942.

See, also, 40 F.Supp. 548.

Charles Sonnenreich, of New York City, for plaintiffs.

Mendes, Krisel & Lessall, of New York City (Herman Mendes and W. L. Helms, both of New York City, of counsel), for defendant.

CONGER, District Judge.

The above action was for infringement of two design patents of plaintiff. A Special Master was appointed to hear and determine the controversy between the parties. The Special Master found the plaintiff's design patents to be valid and infringed.

Shortly thereafter plaintiff moved to confirm the Special Master's report. This motion came before me. Upon the arguments plaintiffs sought a temporary injunction, which I granted (order of August 21, 1940), enjoining the defendant from manufacturing, selling and dealing in the dresses involved in the litigation pending the decision of the motion to confirm.

While the question of the confirmation of the Special Master's report was before me and on or about September 21, 1940, plaintiffs moved to punish defendant for contempt on papers which charged the defendant with violating the terms of the temporary injunction in that it had sold and dealt in the dresses complained of subsequent to the granting and service of the order of injunction. This motion was referred to me and hearings were had before me over a considerable period of time; much testimony was taken. While the contempt proceeding was pending before me, and before the conclusion thereof, I rendered my decision as to the report of the Special Master. I denied the motion to confirm his report and ordered final judgment that the plaintiff's design patents were invalid and that the complaint be dismissed. Final judgment to that effect was subsequently entered prior to the termination of the contempt proceedings.

An appeal was taken from the final judgment but the appeal was subsequently abandoned.

It is therefore now necessary to dispose of the contempt proceeding.

■ Under the rules laid down in Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L.Ed. 853, I am satisfied that the right to punish for civil contempt no longer exists in this case after a judgment declaring plaintiff's patent invalid.

■ In the case of Worden v. Searls, supra, a similar situation confronted the court. There fines had been imposed in a proceeding similar to the present one. After the Supreme Court had found the patent to be invalid the fines were ordered remitted. The situation here is exactly similar except that no fines have yet been imposed. If I were to find for the plaintiff herein, a fine would be imposed which would be paid to the plaintiff. The above case was cited with approval in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 502, 55 L.Ed. 797, 34 L. R.A.,N.S., 874, where the court stated (and it is very pertinent to the question here involved):

"When the main case was settled, every proceeding which was dependent on it, or a part of it, was also necessarily settled,— of course, without prejudice to the power and right of the court to punish for contempt by proper proceedings. Worden v. Searls, 121 U.S. 27, 7 S.Ct. 814, 30 L.Ed. 858. If this had been a separate and independent proceeding at law for criminal contempt, to vindicate the authority of the court, with the public on one side and the defendants on the other, it could not, in any way, have been affected by any settlement which the parties to the equity cause made in their private litigation.

"But, as we have shown, this was a proceeding in equity for civil contempt, where the only remedial relief possible was a fine, payable to the complainant. The company prayed 'for such relief as the nature of its case may require,' and when the main cause was terminated by a settlement of all differences between the parties, the complainant did not require, and was not en-

titled to, any compensation or relief of any other character. The present proceeding necessarily ended with the settlement of the main cause of which it is a part."

I therefore hold that this present proceeding necessarily ended with the final judgment declaring plaintiff's patents invalid.

 Plaintiffs insist, however, that there is still authority in the court to punish defendant for a violation of the court's order. I doubt very much that this is the "proper proceeding" referred to in the two above cases. Even though there is such right to punish, I am satisfied that the evidence before me does not warrant such a summary disposition. Such a disposition would be in the nature of criminal contempt. I cannot say from the evidence before me that I am able to find beyond a reasonable doubt, a willful disregard of the order of the court to warrant any such summary and penal action.

The motion to punish for contempt is denied. Under the circumstances, I feel, there should be no costs imposed.

Submit order on notice.