### DESAGNAT et al. v. DRATLER.

No. 268.

Circuit Court of Appeals, Second Circuit.

June 1, 1944.

Lackenbach & Hirschman, of New York City (Armand E. Lackenbach, of New York City, of counsel), for plaintiffs-appellees.

Joseph P. Tolins, of New York City, for defendant-appellant.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This is an appeal by the defendant from an order of the District Court for the Southern District of New York adjudging him guilty of a civil contempt for violation of an injunction and fining him two hundred fifty dollars.

The order appealed from was made after a hearing on affidavits. It appeared that in 1940 the appellees sued Mr. Dratler in the district court for the alleged infringement of claims of U. S. Reissue Patent No. 21,313. After the trial of the suit had begun in 1941, the parties agreed upon the terms of a settlement and entered into a stipulation upon which a decree was granted to the plaintiffs. The claims in suit were held valid and infringed and the defendant, his servants, agents, etc., were enjoined from infringing them "and more

---

specifically from manufacturing, selling or using or in any manner disposing of material of the construction of said Plaintiffs' Exhibit 5, for any use or application other than a decorative mat for interior use, as distinguished from a decorative wall covering." This injunction was duly served upon the defendant and has admittedly been in effect ever since.

The patent related to a decorative material made of small pieces of mirror glass held closely together by a backing. The appellant had been manufacturing such material ostensibly in accordance with a later patent granted to Holt in which cork was advocated as a preferred material to stiffen somewhat the fabric backing to which the pieces of glass were attached. The stipulation which the parties signed shows that the appellant, as all understood, was not forbidden to manufacture, use or sell all such decorative material. Exception from such restraint was agreed to in the stipulation on condition that the excepted material be not used out of doors or as a covering on inside walls and provided further that the backing be made of "cork alone, a thin layer of cork or any other firm material, provided with a fabric backing, or a composite cork backing constituted of two thin sheets of cork having an intermediate layer of fabric, the latter material being exemplified by a composite cork material manufactured and sold by the Armstrong Cork Company under the trade mark 'Accopac' and identified by the No. '651'."

It was undisputed that in 1943 a salesman of the appellant in New York sold to the Artkraft Strauss Sign Corporation two hundred fifty square feet of decorative material known as "Miroflex" which was manufactured by the appellant and was within the ban of the injunction unless the kind of backing used in making it was of the kind the appellant might use under the stipulation. The backing was made of sticky rubber which was vulcanized after cotton floss had been blown upon it. We do not, however, find it necessary to decide whether the manufacture of this material with that sort of backing was itself a violation of the injunction. Assuming arguendo that it was not, the appellant was nevertheless restrained from selling it for any use out of doors.

The issue on this appeal is not whether the correct interpretation was placed upon the claims of the patent in the original suit when the injunction was granted. It is merely whether a violation of the injunction was shown in support of the order below, and on that issue any sale of the material for out of door use is to be taken as an infringement of the claims which the appellant was enjoined from infringing. In the settlement of the original suit the claims were so interpreted, and the injunction granted on that basis has for present purposes become final. Wadsworth Electric Mfg. Co. v. Westinghouse Electric & Mfg. Co., 6 Cir., 71 F.2d 850, certiorari denied 293 U.S. 604, 55 S.Ct. 122, 79 L.Ed. 696.

That the decorative material was sold to the Artkraft Strauss Sign Corporation for out of door use sufficiently appears from the record. An affidavit sworn to by Dawson, a salesman employed by appellee United States Plywood Corporation, shows that he had assisted in selling "to Artcraft Strauss, Inc., of 820 Twelfth Avenue, New York, N. Y., a quantity of 'Flexglass' material to be used by the purchaser in the fabrication of an advertising sign to be erected atop the Rialto Theatre Building at the corner of 42nd Street and Seventh Avenue in the Borough of Manhattan, City of New York," and that upon inspecting the sign while it was being erected he discovered in verification of previous information he had received that some of the appellant's product, known as "Miroflex," was being used in making the sign.

James J. Dunne, the vice-president of appellee United States Plywood Corporation, also executed an affidavit submitted in support of the motion in the district court stating facts which need not be recited here but which show that he knew the material so sold by the defendant had been used on the above mentioned sign. In that affidavit the following appears, but without any statement of the basis of his claimed knowledge of the fact: "I state unequivocally that Mr. Dratler and his associates, including the salesman who made the sale to Artcraft Strauss, Inc., was fully cognizant at the time that the sale was made for the purpose and the specific application to which defendant's material would be put by Artcraft Strauss, Inc."

The Mr. Dratler thus mentioned by name is the appellant, and he filed an affidavit in reply in which he swore that he was in Florida when the sale was made and knew nothing whatsoever about it. But the salesman mentioned is another Mr. Dratler whose reply affidavit was likewise submitted

below. It shows that he had general supervision of appellant's business and that in the absence of appellant he had "complete charge of the manufacture, production and delivery of merchandise." It shows also that the two hundred fifty square feet of "Miroflex" which he sold had stickers attached to it stating that it was "not licensed to be used as a covering for exteriors or interior walls, ceilings, floors, columns or architectural or structural work," but he did not deny that he then knew "the specific application to which defendant's material would be put by Artcraft Strauss, Inc.," as alleged in the Dunne affidavit. He merely said he was told that the material was needed for "display purposes" and otherwise ignored the charge that he knew when he sold it that it was to be used in making the sign on the Rialto Theatre Building.

This failure to meet a decisive issue of fact so tendered is significant. The trial judge made no specific findings but was evidently satisfied, as very properly he might have been, that this evasion of the salesman was deliberate and showed that he could not truthfully deny that he knew the material he sold was to be used on the outdoor sign. No more was needed by way of proof to support the order.

Affirmed.