**METALLIZING ENGINEERING CO., Inc., v. B. SIMON, Inc., et al.**

Civil Action No. 1474.

District Court, W. D. New York.
Oct. 29, 1945.

On Further Motion Nov. 27, 1945.

Bean, Brooks, Buckley & Bean, of Buffalo, N. Y. (Louis Burgess, of New York City, of counsel), for plaintiff.

John S. Powers, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

This is a motion to punish for contempt for violation of a consent decree entered August 4, 1943. By such decree the defendants were perpetually enjoined from practicing any process embodying any invention of Letters Patent No. 2,320,327 (Reissue 22,397) and from infringement upon or violating said Letters Patent in any way whatsoever.

It is the claim of the plaintiff that, commencing in or about 1944, the defendants on numerous occasions have violated the provisions of the said decree. Patent No. 2,320,327 (Reissue 22,397) aforesaid involves an improvement in the art of metal spraying, thus procuring a required degree of bonding between a metal surface and a metal spray applied thereto.

There seems to be little, if any, question that the defendants have violated the Consent Decree. More in extenuation of these violations, than as a defense, the defendants urge that they were authorized to utilize this specific preparation which the patent claims by an agent of the plaintiff. The authority of the agent is not to be presumed here. Ferro Concrete Const. Co. v. United States, 1 Cir., 112 F.2d 488; Standard Acc. Ins. Co. v. Simpson, 4 Cir., 64 F.2d 583, 589, certiorari denied 290 U.S. 688, 54 S.Ct. 123, 78 L.Ed. 593, citing Richmond Guano Co. v. E. I. DuPont de

Nemours Co., 4 Cir., 284 F. 803, 806; Churchill Grain & Seed Co. v. Buchman, 204 App.Div. 30, 33, 197 N.Y.S. 552; 2 C.J. S., Agency, § 93, p. 1193. It does not lie within the ordinary right of an agent to so permit the use in question, and there is nothing in the record to show such authority.

■■■ It is further contended that the defendants did not understand the provisions of the consent decree and they did not know that it was being violated. This lack of knowledge does not excuse liability nor is the assertion that the use of the patent process made in good faith a defense. Willfulness is not an essential element in civil contempt. Telling v. Bellows-Claude Neon Co., 6 Cir., 77 F.2d 584, 586, certiorari denied 296 U.S. 594, 56 S.Ct. 108, 80 L.Ed. 420, nor does the fact that defendant followed the advice of counsel and acted in good faith in violating the order of the court relieve defendant for civil contempt liability. Proudfit Loose Leaf Co. v. Kalamazoo Loose Leaf Binder Co., 6 Cir., 230 F. 120, 132; Calculagraph Co. v. Wilson, 1 Cir., 136 F. 196; Bowers v. Pacific Coast Dredging & Reclamation Co., 9 Cir., 99 F. 745. Counsel for the defendants has cited and quoted from many cases involving charges of contempt. None of these are significant here, save as they point the discretion of the court under differing circumstances to fix the amount of liability.

■■■ As appears from the affidavits herein, considerable negotiations have been carried on to arrive at some compromise amount to be paid the plaintiff. These efforts have resulted in failure. Much has been said with regard to these negotiations which is not considered pertinent at this time, and much has been said that has no bearing on the question under consideration. It seems to me that the proper course is to appoint a master to take proof and report the items of sale made in which the process of the patent was used, and also the amount of profits obtained from the sales.

On the coming in of the report of the master the Court will determine the liability of the defendants. The matter of the giving of a bond, if one could be required, to protect defendants in making any payments herein naturally must also await the report of the master.

On Further Motion.

Defendants' motion regarding the parties and further proceedings herein is denied in toto.

The question of a stay will be considered on the coming in of the master's report.