## METALLIZING ENGINEERING CO., Inc., v. B. SIMON, Inc., et al.

### No. 1474.

District Court, W. D. New York.

Aug. 26, 1946.

Burgess & Dinklago, of New York City (Bean, Brooks, Buckley & Bean, of Buffalo, N. Y., of counsel), for plaintiff.

John S. Powers, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

The complaint in this action, commenced on June 22, 1943, alleges that plaintiff, a New Jersey corporation doing business in New York State, is the owner by assignment of Patent No. 2,320,327, relating "to new and useful improvements in the application of spray metal to metal surfaces"; that defendants have infringed and threaten to continue to infringe said patent; that defendants have derived unlawful gains and profits from such infringement. Plaintiff prays for preliminary and permanent injunctions, for an accounting, an assessment of costs and treble damages.

By consent of the parties' attorneys, a so-called final decree was issued on August 4, 1943, whereby the defendants were perpetually enjoined and restrained from violating said patent.

Proof having been made that defendants had violated the final decree, this court, on November 26, 1945, granted an order declaring them in contempt of court for violating the decree and appointing a Special Master "to hear evidence and report the items and amounts of sales or services in which the process of the patent in suit was used by the defendants or any of them subsequent to August 4, 1943." Vide Metallizing Engineering Co., Inc., v. B. Simon, Inc., et al., D.C., 64 F.Supp. 848.

Hearings were held before this court on September 17, October 8 and November 19, 1945, and, on January 8, 1946, there was an appearance before the Special Master. On May 28, 1946, this court granted a stay of further proceedings.

On January 10, 1946, the U. S. Circuit Court of Appeals in Metallizing Engineering Co., Inc., v. Kenyon Bearing & Auto Parts Co., Inc., et al., 2 Cir., 153 F. 2d 516, held Reissue Patent No. 22,397, based on the original Patent No. 2,320,327, specified in the complaint, invalid on the ground that the inventor's prior secret use for profit for more than one year before filing of his application was a public use and thus a bar to the patent under R.S § 4886, 35 U.S.C.A. § 31. On May 6, 1946, the U. S. Supreme Court denied certiorari, 66 S.Ct. 1016, and on June 10, 1946, 66 S. Ct. 1364, denied plaintiff's petition for rehearing under Supreme Court Rule 33, 28 U.S.C.A. following section 354. The overruled opinion of the District Court is reported in 62 F.Supp. 42.

Defendants have moved to vacate the consent decree of August 4, 1943, to vacate and discharge the order of contempt of November 26, 1945, and for an allowance of actual costs including a reasonable counsel fee. Plaintiff, in opposition thereto, has moved for an order directing the Special Master to resume proceedings and awarding it costs and reasonable attorneys' fees.

These motions hinge on the nature and scope of the said consent decree. Plaintiff contends that it is a permanent injunc-

tion and estops the defendants who consented to it. Defendants contend that it is only a preliminary injunction and must be interpreted according to a letter signed by plaintiff's president, dated July 31, 1943, and sent to defendants when they consented to the final decree. The letter reads as follows: "A final decree having been signed between the parties in re Metallizing Engineering Co. Inc., the B. Simon Inc. et al, Civil Action File No. 1474, of even date herewith, it is hereby agreed on behalf of Metallizing Engineering Co. Inc., that said decree may be set aside on the application of any defendant in said action in the event that United States Patent No. 2,320,327 has been finally held invalid after every legal remedy with respect to the validity thereof has been diligently exhausted."

Defendants' instant motion to vacate the final decree is made pursuant to said alleged agreement. Plaintiff does not deny its letter of July 31, 1943, but urges that it is no part of and does not affect the decree, which is only voidable and ceases to be operative only when declared void and not nunc pro tunc. The decree has not yet been declared void.

The final decree of August 4, 1943, provides as follows: "Ordered, Adjudged and Decreed that the defendants and each of them and those controlled by the defendants and each of them be and they hereby are perpetually enjoined and restrained from directly or indirectly practicing or causing to be practiced any process embodying any invention of United States Letters Patent, 2,320,327, and from infringement upon or violating the said Letters Patent 2,320,327, in any way whatsoever."

Following said decree is the recital: "The parties hereto hereby consent to the signing and entry of the foregoing final decree"—signed on August 3, 1943, by the attorneys and solicitor for plaintiff and by the attorney for defendants.

The plaintiff relies principally upon E. Ingraham Co. v. Germanow, 2 Cir., 4 F. 2d 1002, 1003. In that case the District Court had entered a consent decree declaring a patent owned by plaintiff to be valid and enjoining defendants from infringing it. Later, in another suit against other parties, the patent was judged invalid. Thereafter plaintiff moved to punish defendants for contempt in violating the injunction. Its motion was denied by the District Court but the decree was reversed by the Circuit Court of Appeals. Judge Hand said: "We do not see how the defendants can take advantage of the decision of this court in the later suit, to which they were not parties. The decree entered upon their consent is a good estoppel, though the issues were not litigated, and while it stands they are as much bound by it as though the later suit had never been brought. * * * While the decree stands they must obey it, and the plaintiff is entitled to the usual sanctions for its enforcement."

The case was remitted to this District Court, which thereupon granted an order declaring contempt and awarding compensatory damages. On appeal, the order was affirmed. 2 Cir., 9 F.2d 912, 913. The Court there said: "By it (the consent decree) the defendants were not only estopped from making, using, and selling the entire article described in claims 3 and 4, but they were bound to admit in all and every relation regarding this article of manufacture with the plaintiff the validity and enforceability of these claims. For them the claims are good, no matter what they may be for other people."

In Lehman v. Appleton Toy and Furniture Co., 7 Cir., 148 F.2d 988, cited by plaintiff, a final decree of injunction had been entered declaring a patent valid and subsequently in an appellate court of the same circuit in another case, the patent was held invalid. It was there held that the defendant was bound by the decree and was not entitled to any restitution of royalties paid while the decree was in force and whether before or after the patent was held invalid.

■ It is believed that the Ingraham case, supra, is directly in point here. This court had jurisdiction of the subject matter of the suit and the parties. The decree

is voidable, but not void. It is in full force and effect till set aside by order of the court.

No distinction is to be drawn from the fact that this is a consent decree. It has the same effect as a judgment rendered on trial or on a contest of the issue. United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999; McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066; Pick Mfg. Co. v. General Motors, 7 Cir., 80 F.2d 639. It was in full force and effect when the contempt order was made. That order declared the violation by the defendants. A change in the law does not affect any rights adjudicated under the decree. In Reed v. Allen, 286 U.S. 191, at pages 199, 200, 52 S.Ct. 532, at page 534, 76 L.Ed. 1054, 81 A.L.R. 703, the Court said: "We are unable to find reason or authority supporting the proposition that because a judgment may have been given for wrong reasons or subsequently reversed, (in another case) that it is in any way the less effective as an estoppel between the parties while in force." Rubber Tire Wheel Co. v. Goodyear, 232 U.S. 413, 34 S.Ct. 403, 58 L.Ed. 663; Desagnat v. Dratler, 2 Cir., 142 F.2d 845, 846; National Popsicle v. Hughes, D.C., 32 F.Supp. 397; Western Union v. International Bro. of Electrical Workers, 7 Cir., 133 F.2d 955. Plaintiff's letter does not affect action taken under the decree before the decree has been set aside. It provides that application can be made to set aside the decree in the event the patent in suit is finally held invalid. It does not purport to protect defendant as against any violation of the order. It was not an interlocutory or intermediate decree in so far as the contempt order is concerned. The defendants have violated an order of the court. This is irrespective of any question of infringement. They did what they were directed not to do. "When the main case was settled, every proceeding which was dependent on it, or part of it, was also settled,—of course, without prejudice to the power and right of the court to punish for contempt by proper proceedings".

Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 502, 55 L.Ed. 797, 34 L.R.A., N.S., 874. See also; United States v. Shipp, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319, 8 Ann.Cas. 265; Toy Toy v. Hopkins, 212 U.S. 542, 29 S.Ct. 416, 53 L.Ed. 644.

The defendants question the ruling in the Ingraham case and cite Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 821, 30 L.Ed. 853; Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 86 F.2d 727 (this Circuit); White v. Lombardy Dresses, D.C. 48 F.Supp. 730, 731. While certain expressions of the courts in these cases lend support to the defendants, they must be considered in connection with the facts found and their contexts. It will be seen that each of these cases involve preliminary injunctions in which appeals had been taken from a decision on the question of the validity of the patent. There was no binding decree there when the preliminary injunction was granted, but corroborations of plaintiff's position here is found in the decision in each of these three cases.

In the Worden case, Searls had sued Worden in the Circuit Court for alleged infringement of his re-issue patent. The case was heard, an interlocutory decree was made declaring the re-issue valid and infringed; awarding a perpetual injunction and directing a reference as to profits and damages. Orders were later made imposing fines for violation of the preliminary injunction. On appeal the re-issue was held invalid and the orders which the appellant asked be reviewed set aside. What the court actually decided is found in a note following the opinion, to wit; "The final decree of the circuit court, and the orders * * *, are reversed, and the case is remanded to that court, with a direction to dismiss the bill, with costs, but without prejudice to the power and right of the circuit court to punish the contempt referred to in those orders by a proper proceeding. The preliminary injunction was in force until set aside. In re Chiles, 22 Wall. 157, 22 L.Ed. 819." The right to punish for contempt prior to final determination is recognized.

It is said that Salvage Process Co. v. Acme Tank Cleaning Process Corp., cannot be reconciled with the decision in the Ingraham case. The facts are not comparable. In the Salvage Process Co. case, a preliminary injunction against infringement was granted by the District Court. On appeal there was a reversal based on the holding that the patent was invalid. There was a separate appeal from an order adjudging the defendant in contempt and that order was reversed. The opinions in both cases were handed down by the circuit court at one time. The appeals were from interlocutory orders. While it is said in the opinion on the appeal from the contempt order, that the reversal "adjudges that it never should have been passed; that the right which it affected to create was no right at all. To let the liability stand for past contumacy would be to give the plaintiff a remedy not for a right but for a wrong, which the law should not do." In that per curiam opinion, it was also said: "It is true that the reversal of the decree does not retroactively obliterate the past existence of the violation;" and it cites the Worden case supra. No final decree had been made prior to the preliminary injunction or the contempt order.

In the White case, supra, the action was for the alleged infringement of plaintiff's two design patents. The Special Master found these patents valid and infringed. While the question of confirming his report was before the court, plaintiffs moved to punish defendant for contempt in violating the temporary injunction. While these proceedings were pending, the court denied the motion to confirm the Special Master's report, held the patents invalid and directed the complaint be dismissed. Final judgment to that effect was entered prior to the termination of the contempt proceedings. An appeal was taken from the final judgment but was abandoned. The court thereupon denied the motion to punish for contempt. It said: "Even though there is such right to punish, I am satisfied that the evidence before me does not warrant such a summary disposition. Such a disposition would be in the nature of criminal contempt. I cannot say from the evidence before me that I am able to find beyond a reasonable doubt, a willful disregard of the order of the court to warrant any such summary and penal action."—48 F.Supp. 732.

In the three cases relied on by defendants, the injunction was only temporary and the parties enjoined took prompt steps to have it dissolved. The purport of the Worden case is thus stated in Parker v. United States, 1 Cir., 126 F.2d 370, 382: "Worden v. Searls is significant, however, as indicating a reason why the district court may find it appropriate to wait until the plaintiff's right in the main litigation has been established by final decree before adjudicating a defendant in civil contempt of an interlocutory decree, and imposing upon him a compensatory fine payable to the plaintiff, on the basis of contumacious acts committed by the defendant while the temporary injunction was in force and before it had been superceded by the final decree. Certainly, the case has no tendency to support the proposition that an adjudication for civil contempt of an interlocutory decree cannot be made after entry of a final decree."

■ The plaintiff seeks to recover the profits, if any, which it lost between the date of the consent decree and the date of the granting of the contempt order. It was said in Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448–457, 52 S. Ct. 238, 242, 76 L.Ed. 389: "It has been repeatedly assumed that, in a proceeding for civil contempt for disobedience to an injunction granted in an infringement suit, the profits derived from the violation of the injunction are recoverable." The proceedings before the master on the contempt order will be continued as directed heretofore.

The plaintiff seeks, also, recovery of a very considerable sum on account of costs and expenses claimed to have been incurred and arising by reason of the violation of the contempt order. The right to any amount on such accounts will be left till the coming in of the master's report.

■ By virtue of plaintiff's letter, which is in effect a stipulation, the defend-

ants, or either of them, are entitled to proceed to get the consent decree set aside. This could be done irrespective of the letter. "A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need. * * * The result is all one whether the decree has been entered after litigation or by consent. * * * In either event, a court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." United States v. Swift & Co. 286 U.S. 106, 114, 115, 52 S.Ct. 460, 462, 76 L.Ed. 999.

 Whether the defendants must proceed by action, Federal Rules of Civil Procedure, rule 60, 28 U.S.C.A. following section 723c, or whether they can proceed by motion may invite some question. It has not been raised here. Undoubtedly an action would lie, but it is believed that the motion is proper. The final determination of the invalidity of the patent was made in June last, when the Supreme Court denied certiorari. When the judgment was entered does not appear. However, the motion to dismiss was made prior to the final determination and continued awaiting the final determination. So it seems that the motion was timely. The applicability of Rule 60 has been considered at great length in the Yale Law Journal of June, 1946, and many cases (including International Railway Co. v. Davidson, D.C., 65 F.Supp. 58, decided by this court) and text writers are cited.

 The proceeding to set the consent decree aside is an entirely separate matter from the contempt proceedings and may be ruled separately. " 'The proceeding for its punishment (for contempt) "is a new and distinct proceeding, and is quite independent of the equities of the case on which the decree is founded." ' * * * Were the rule otherwise, * * * such practice would be subversive, if not indeed wholly destructive, of the plenary power of the court to enforce its decrees." Wadsworth Electric Mfg. Co. v. Westinghouse, 6 Cir., 71 F.2d 850, 851.

An order may be entered, setting the consent decree aside as void as of the date of the entry of the order hereon, without costs or allowance to the defendants.