**E–I–M CO., Inc. v. PHILADELPHIA GEAR WORKS, Inc.**

No. 14247.

United States Court of Appeals Fifth Circuit.

June 12, 1953.

As Modified on Denial of Rehearing July 20, 1953.

James B. Simms, Houston, Tex., Browning & Simms, Houston, Tex., for appellant.

Henry N. Paul, Jr., and Francis W. Sullivan, Philadelphia, Pa., Douglas W. McGregor, Houston, Tex., for appellee.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Other questions were involved and decided in the trial court, but the only issues presented by this appeal are restricted to that part of the trial court's finding and judgment that claim 2 of Ball patent, No. 2,114,013, was valid and infringed by the appellant's valve control. For many years dual control valve operators capable of operation by a handwheel situated on the valve, or automatically, by a motor, usually electric, operated by remote control have been advantageously employed and used in refineries, waterworks, power plants and the like. Such dual control operation was not satisfactory or safe, largely for the reason that it involved a geared relationship between the hand wheeled shaft and the motored shaft so that there was ever present an element of danger and injury to an operator at the scene attempting to use the handwheel while another operator, at a remote station, pushed a switch and set in motion the power drive. The Ball claim of invention related to the solution of a twofold problem in connection with such valve operations. This is well stated by the court in its finding of fact No. 3.[1] The applicant stated the main object of the invention to be: "to convert ordinary hand-operated valve units into power operated units in such a manner that the valve can be selectively operated by power or by hand. * * * Another object is to devise a suitable arrangement of clutch and clutch operating means for selectively changing from

---

1. "Prior to his invention, Ball was confronted with the twofold problem:

   "(1) To provide a valve control capable of manual and power operation and having adequate safeguards avoiding a coincidence of manual and power operation, thereby preventing the possibility of injury to an operator turning the handwheel and also preventing interference between manual and power operation; and

   "(2) to provide in such a valve control a device whereby when the motor was started, as by remote control, the handwheel would be automatically released and the motor would be automatically engaged to actuate the valve spindle."

manual to power operation, and vice versa. In more specific terms, one object is to provide improved functional and structural coordination between the manual and the power operated mechanism, so as to avoid a coincidence of manual and power operation whereby an operator manipulating the valve stem by means of a handwheel may come to grief by the rotation thereof when the power is started as by remote control." Claim 2 of the patent here involved is set forth below.[2] The claim of novelty of result procured by the combined elements is the provision, in a valve control capable of selective manual or power operation, of a means whereby the impulse of the power-driven mechanism would serve, first, to release the hand operated drive, and, secondly, to connect the motor operated drive. This was accomplished by providing a clutch holding mechanism in combination with means for allowing the clutch to be released automatically from handwheel engagement by the impulse of the motor driven mechanism and thereafter shifted automatically into operative engagement with the power-driven mechanism. The findings of the trial court, while recognizing that clutch detent mechanism was in itself old in the valve control prior art, concluded that the manner in which it was employed by Ball constituted invention. This feature presents the vital, and controlling, question in the case. The Ball clutch device is so constructed that while it can be manipulated to disconnect the power drive while establishing handwheel operation, it will, nevertheless, automatically de-clutch the hand-wheel and re-engage the power drive in response to power connection. The alleged infringing device of the appellant, E-I-M Company, Inc., employs as its de-clutching agency a hydraulic mechanism, including relief and check valves, which employ the ball and spring method of control and by means thereof the clutch of its valve operator is shifted from hand to motor operative position when motor power is applied. The court found that this method was a clutch detent mechanism which, as the equivalent of the Ball device, constituted infringement. Therefore, having made full and extensive findings of fact upon the issue of invention, and having considered and discussed the issue of anticipation by prior art, as well as the issue of infringement, the court concluded that claim 2 of the patent was valid and infringed. The findings and conclusions of the court are published in D.C., 102 F.Supp. 14.

The appellant upon this appeal urges for principal grounds of error that Ball's claimed invention is clearly anticipated by the Jones British Patent, No. 307,444, the Jones U. S. Patent, No. 1,864,653, and the Panish Patent, No. 1,747,594. It is said that claim 2 does not meet "the present day standard of invention" and that this claim is invalid because indefinite at the exact point of alleged novelty,[3] citing Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3. It is also insisted that the court's judgment was erroneously controlled by applying the claim broadly to appellant's device in determining infringement, and yet narrowly to the

2. "A power drive for a valve actuating spindle adapted for alternate power and manual operation, which comprises a rotary member adapted to surround the spindle for axially moving the same when rotated, a power-driven mechanism adapted for selective driving connection with said rotary member, a clutch mechanism which is alternately operable to connect either said driving mechanism or said manually operated means with said rotary member, clutch detent mechanism operable and effective to maintain and secure the active engagement of the manually operated means, and means responsive to the operation of the power-driven mechanism for automatically rendering ineffective said clutch detent mechanism to effect thereby the release of the hand-operated driving means and the automatic operative engagement of the power-driven means with said rotary member."

3. " * * * and means responsive to the operation of the power-driven mechanism for automatically rendering ineffective said clutch detent mechansim to effect thereby the release of the hand-operated driving means and the automatic operative engagement of the power-driven means with said rotary member."

30

prior art, whereas the reverse in each instance is the correct application.

■ We do not sustain the appellant's claims of error. Upon our consideration of the record, and the testimony of the witnesses on behalf of both the appellant and the appellee, we find the evidence is fully sufficient to support the findings of the trial court to the ultimate effect, that claim 2 of the Ball patent, though it comprises some elements which are old, nevertheless, includes elements which are novel, not disclosed by the prior art, and the combination of which perform and produce a new and different useful function of operation. Thus the case is taken without the decision in Great A & P Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, relied upon by the appellant. The trial court's finding of infringement likewise finds adequate support in the evidence. Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097. The reported decision of the trial court, supra, sets forth the facts which underly these conclusions and reference thereto renders further discussion unnecessary.

The judgment of the trial court is Affirmed.