E-I-M COMPANY, Inc., Appellant,

v.

PHILADELPHIA GEAR WORKS, Inc., Appellee.

No. 15261.

United States Court of Appeals
Fifth Circuit.

May 25, 1955.

Rehearing Denied Aug. 16, 1955.

Browning, Simms & Hyer, T. E. Richards, Jr., Berry, Richards & Baker, Houston, Tex., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., Walter J. Blenko, Pittsburgh, Pa., James B. Simms, Houston, Tex., for appellant.

Henry N. Paul, Jr., Francis W. Sullivan, Philadelphia, Pa., Douglas W. McGregor, Houston, Tex., for appellee.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

RIVES, Circuit Judge.

E–I–M Company, Inc. appeals from an order holding it in civil contempt of an injunction previously issued by the district court restraining its further infringement of the Ball patent No. 2,114,013, issued April 12, 1938, for a "Valve Operator," which patent is owned by appellee. The prior judgment upon which the injunction was based, held claim 2 of the Ball patent valid and infringed, and that decision was subsequently affirmed by this Court. See E.I.M. Co., Inc., v. Philadelphia Gear Works, Inc., D.C., 102 F.Supp. 14, affirmed 5 Cir., 205 F.2d 28. The present district court decision holding appellant in contempt of its prior injunction is not officially reported, but since we consider the findings of fact and conclusions of law therein set forth as practically essential to an intelligent understanding of this review, they are fully quoted in the margin.[1]

1. Findings of Fact

"1.

"On February 11, 1952 a judgment was entered by this Court holding that claim 2 of Ball patent No. 2,114,013 was valid and infringed by plaintiff, E.I.M. Company, Inc., said judgment containing the following injunction:

" '7. Plaintiff, E.I.M. Company, Inc., its officers, agents, servants and employees and those persons and organizations in active concert of participation with it are hereby restrained and enjoined until April 12, 1955 from directly or indirectly infringing Claim 2 of United States Letters Patent No. 2,114,013 by making, using or selling, or causing to be

Appellant's modified CS device, like the previously adjudicated PP structure and the mechanism of the Ball patent, are all devices for opening and closing

made, used or sold, without license, valve controls embodying the element of said patent claim and as illustrated in Joint Exhibits I and II of Stipulation A, *or any substantial equivalents thereof.*' (Emphasis ours.)

"2.

"Although an appeal was taken by E.I. M. from the aforesaid judgment of this Court, the appeal resulting in an affirmance, E.I.M. did not file a supersedeas bond, nor did it take any steps to stay or vacate the injunction, and the same has been in full force and effect since the entry of judgment on February 11, 1952.

"3.

"Since February 11, 1952 plaintiff has made and sold new valve controls of the character illustrated and described in its Bulletin E-852. One of its new valve controls, model CS–TM described in the aforesaid bulletin, is shown in detailed perspective in a drawing marked Defendant's Exhibit C-3.

"4.

"The first five elements set forth in claim 2 of the Ball patent (these being designated by the colors brown, yellow, red, blue and orange in the drawings in evidence) are not only present in the new E.I.M. valve controls, but these parts are either identical to those used in the adjudicated structure, or else involve only minor changes in shape or proportions therefrom.

"5.

"For all practical purposes the clutch of the new E.I.M. structure, as in the adjudicated structure, is maintained and secured in active engagement with the manually operated means until it is released by the power-driven mechanism.

"6.

"The clutch detaining, releasing and shifting mechanism (designated by the color green in the drawings in evidence) of the new E.I.M. structure is the full equivalent of that previously used in the adjudicated structure. It functions in the same manner to produce the same result. Such mechanism is even closer to the mechanism shown in the Ball patent than was that of the adjudicated structure since it involves a lever and spring combination, since it is wholly mechanical, not hydraulic, and since it functions more accurately and more positively to hold, release and shift the clutch than the mechanism formerly used.

"7.

"The new E.I.M. valve controls respond in all respects to the definition of Ball's claim of invention, as well as to the statements of the objects and advantages of said invention set forth in the opinion of the Court of Appeals [5 Cir.], 205 F.2d 28.

"8.

"As may be seen from a comparison of the tables of dimensions found in the old and new E.I.M. bulletins, no significant change has been made in the dimensions of the new valve controls. They so closely resemble the adjudicated device in their physical external appearance that E.I. M. still uses the same outline drawing to represent them in its current bulletin. The critical mounting dimensions (number of bolts, holes, threads, etc.) are unchanged. Hence the new valve controls are interchangeable with the old valve controls and with the 'Limitorque' controls made and sold by Philadelphia.

"9.

"I further find as a fact that the device complained of in this contempt proceeding is substantially equivalent to the adjudicated structure and that the infringement of such adjudicated structure was willful and deliberate.

"Conclusions of Law.

"1.

"The valve control illustrated and described in E.I.M. Bulletin E-852 is a substantial equivalent, in relation to claim 2 of the Ball patent, of the hydraulic valve control illustrated in Joint Exhibits I and II of the trial exhibits and previously adjudged to infringe said patent.

"2.

"By reason of its manufacture and sale of the aforesaid valve control, shown in its Bulletin E-852, since February 11, 1952, plaintiff has infringed Ball Patent No. 2,114,013 and has violated the injunction of this Court.

"3.

"I find as a matter of law that the device complained of in this contempt proceeding is substantially equivalent to the adjudicated structure.

"4.

"Defendant is entitled to recover double the amount of damages suffered by it as a result of E.I.M.'s wilful infringement of the Ball patent subsequent to the injunction, as well as all costs incurred by it in bringing this motion, including a reasonable attorney's fee.

"The Clerk will notify counsel.

"Allen B. Hannay,
"United States District Judge."

---

large pipe line valves in oil and gas fields, each being actuated optionally either by an electric motor or manually by means of a hand wheel. Though identical in purpose and result accomplished, these three devices exhibit specific divergencies in physical structure and methods of operation, the material details of which have already been explained in the above cited and quoted decisions of the district court and this Court. In amplification, however, of the district court's decision presently under review [Footnote (1), supra], it should be stated that the only material structural difference between appellant's modified CS type valve operator and its old infringing PP structure is a clutch actuated by a centrifugal flyball mechanism, the latter distinctive element having been to some extent copied from the expired Jones prior art patent, U. S. No. 1,864,653, and substituted in lieu of the hydraulic clutch mechanism of its predecessor PP device heretofore held to infringe, as the substantial mechanical equivalent of the "clutch detent mechanism" revealed by appellee's Ball patent. Since it appears that the remaining elements of the adjudicated PP valve operator and the Ball patent, or their full mechanical equivalents, are clearly present in appellant's modified CS structure, the only really substantial controversy on the issue of equivalency thus narrows to whether the revised CS clutch assembly, generally referred to by the district court as "the clutch detaining, releasing and shifting mechanism," even though not literally present in the old infringing PP device or the Ball patent, may nevertheless fairly be viewed as "the full equivalent of that previously used in the adjudicated structure," since "it functions in the same manner to produce the same result." [See Findings Nos. 5, 6, and 9, and Conclusions 1 and 3, Footnote (1),

supra.] Incidentally presented are the remaining issues of whether the district court erred in this contempt proceeding in refusing again to review the prior art, and particularly the expired Jones patent, for the avowed purpose of showing that appellant's presently accused CS structure was actually copied therefrom, rather than from the Ball patent or appellant's adjudicated PP device; and, finally, whether the district court was justified in assessing double damages, under its heretofore quoted Finding No. 9 and Conclusion No. 4, as to the willful and deliberate character of appellant's present infringement in violation of the prior injunction.

While conceding that it was not entitled below to rehash the entire prior art for the purpose of invalidating appellee's Ball patent, the validity of which has already been upheld on the prior appeal, 205 F.2d 28, appellant nevertheless insists that a number of federal decisions [2] establish its right to invoke prior art in justification of a structure such as its accused CS valve operator, which it presently manufactures for sale; that the Supreme Court's decision in Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609, 70 S.Ct. 854, 94 L.Ed. 1097, establishes that the question of equivalency here should have been determined against the background of the prior art, not for the purpose of impairing the judgment upon which the injunction was based, but simply to show that its presently accused structure stems from the prior art Jones patent, now in the public demesne, rather than from the Ball patent or its PP device heretofore held to infringe; that, since the prior Jones patent was not specifically considered by the court in arriving at its Finding No. 6, Footnote (1), supra, that finding should here be reversed as clearly erroneous, particularly since the exhibits

---

2. Principally, Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 350–351, 45 S.Ct. 117, 69 L.Ed. 316; Casco Products Corp. v. Sinko Tool & Mfg. Co., 7 Cir., 116 F.2d 119, 121; Automatic Paper Machinery Co. v. Marcalus Mfg. Co., 3 Cir., 147 F.2d 608, 611, 613, affirmed Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47; General Mfg. Corp. v. Gray, D.C.Okl., 48 F.2d 602; Union Carbide & Carbon Corp. v. Graver Tank & Mfg. Co., 7 Cir., 196 F.2d 103.

and testimony allegedly reveal that the accused CS device constitutes a substantial departure in structure and operation from the Ball patent and the heretofore adjudicated PP structure, and under this Court's recent decisions in Jeoffroy Mfg., Inc., v. Graham, 219 F.2d 511, decided February 11, 1955, m/s, and Stewart-Warner Corp. v. Lone Star Gas Co., 5 Cir., 195 F.2d 645, appellee is estopped because of its prior inconsistent representations both to the Patent Office and this Court to contend otherwise; finally, in view of testimony showing that appellant has in good faith sought to comply with this Court's prior injunction restraining its further manufacture and sale of valve operators akin to its old PP device, and upon advice of counsel has merely exercised its claimed lawful right to follow the expired Jones patent, it has been guilty of no conscious wrongful conduct or wanton disregard of this Court's injunction which justified the district court's finding of "willful and deliberate" infringement and its imposition of double damages, costs and attorney's fees.

Relying upon Judge Hutcheson's opinion for this Court in Patton v. Stone, 5 Cir., 178 F.2d 515, 517, and numerous other federal authorities,[3] appellee insists that neither the validity of the Ball patent nor the scope of claim 2 thereof can again be challenged in this contempt proceeding, and that the district court properly limited the present inquiry to the question of whether appellant's modified CS device " 'is the equivalent of the device held to be infringing, and the prior art is not at issue' ", Patton v. Stone, supra; that the testimony and exhibits reveal that most of the elements of the CS device have been taken without modification from the old infringing PP structure, and the full mechanical equivalent of the critical clutch shifting and "detent mechanism" is also exhibited

therein; that the accused structure corresponds in all material respects to Ball's invention in effecting the release of the clutch by a power driven mechanism, as previously set forth in Judge Russell's opinion for this Court (see district court's Finding No. 7, Footnote 1, supra); and, finally, because of the aggravated circumstances of this infringement, the district court was amply justified in imposing punitive damages.

We think the district court was justified in its factual finding of equivalence between appellant's modified CS structure and the heretofore adjudicated PP device. In support of Finding No. 6, the record contains convincing testimony by appellee's witnesses, Kron and Panish, based upon actual tests, that the clutch of appellant's presently manufactured CS device actually functions more effectively as a "detent mechanism", i. e. to hold, release and shift the clutch, than the hydraulic detent mechanism of the adjudicated PP structure already held to infringe the Ball patent. In fact, as the district court observed, the presently accused CS clutch mechanism is structurally even more closely akin to the Ball patent than its infringing PP predecessor device, since, it exhibits a lever and spring combination, and for all practical purposes is actuated more positively by mechanical rather than by hydraulic means. In any event, accepting the no longer debatable premise that the hydraulic detent mechanism of appellant's PP valve operator was "the full equivalent of the clutch detent mechanism of the Ball patent", 102 F.Supp. 14, 22, we think consistency and logic impel the instant conclusion that the comparable elements of appellant's modified CS structure also constitute substantial equivalency within the prohibition of the prior injunction. E.I.M. Co., Inc., v. Philadelphia Gear Works, Inc., 102

3. United States Rubber Co. v. General Tire & Rubber Co., 6 Cir., 128 F.2d 104; Wadsworth Electric Mfg. Co., Inc. v. Westinghouse Electric & Mfg. Co., 6 Cir., 71 F.2d 850, 851; Field Body Corporation v. Highland Body Mfg. Co., 6 Cir., 13 F.2d 626, 627; Desagnat v. Dratler, 2 Cir., 142 F.2d 845, 846; Krentler-Arnold Hinge Last Co. v. Leman, 1 Cir., 50 F.2d 699, 702.

F.Supp. 14, affirmed 5 Cir., 205 F.2d 28; Patton v. Stone, supra.

We think appellant's vigorous insistence, that it was prejudiced by the district court's claimed refusal to consider the Jones prior art patent, as bearing upon its contention that its CS device now follows Jones instead of Ball, is neither fairly supported by this record or by the authorities upon which it relies. True, the district court several times indicated its impression that, validity of the Ball patent having already been upheld, appellant was not entitled to a practically *de novo* review of the entire prior art, on the controlling issue of equivalency between the modified and adjudicated structures in this contempt proceeding. However, the court did several times permit appellant's counsel to elicit testimony in support of its contention that the clutch mechanism of its modified CS device follows the teachings of Jones instead of Ball, though its remarks and final decision leave no doubt that it did not regard the argument with much favor. In any event, practically all of the authorities upon which appellant relies, [see footnote (2), supra] may be distinguished generally on the ground that they involved elements of estoppel against a party to dispute the validity of a particular patent arising from an assignment or license, and in none of them had there already been a binding judicial determination, as here, of the validity of the particular patent involved.

We concede that, in a proper case, an alleged infringer already under injunctive restraint, who is cited for contempt, should not be prohibited from making a real showing that its modified structure actually constitutes a substantial departure from, rather than a mere colorable variant of, a previously manufactured device already held to infringe. Ordinarily, we think it would be the better practice for the district court in such instance to consider any particular prior art patent or patents from which the modified structure claims to be derived, not on the settled issue of validity, but solely on the crucial question of equivalency between the modified and adjudicated structures. See Patton v. Stone, supra, 178 F.2d at page 518; cf. Automatic Paper Machinery Co. v. Marcalus Mfg. Co., 3 Cir., 147 F.2d 608, 611, affirmed Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47; Hall Laboratories, Inc., v. National Aluminate Corp., D.C.Del., 120 F.Supp. 684, 694; see also, Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, 425. However, we think appellant here makes no substantial showing of prejudice resulting from the district court's claimed refusal again to consider the Jones prior art patent, particularly since the substance of its contentions as to the copying of Jones appear adequately set forth in the testimony rejected below. In fact, we think both sides have here been afforded adequate opportunity to develop the record on the controlling issue of whether the presently accused CS operator is "in fact and in law the equivalent of the adjudicated structure", within the rule enunciated in Patton v. Stone, supra.

We also reject as without merit appellant's insistence that equivalency, in fact, within the prohibition of the prior injunction, may not here exist because of appellee's own representations upon the prior appeal that Jones was "foreign to the patented invention of Ball", and operated on a "wholly different principle", as well as the further suggestion that factual equivalency is precluded as a matter of law because of the former decisions of the district court and this Court upholding the validity of the Ball patent as not anticipated by Jones. While we accept the inherent logic of a paraphrased geometric theorem, i. e., that "things *not* equal to the same thing are *not* equal to each other", we deny its application by analogy as a principle of patent law operative in appellant's favor here, insofar as appellant seeks, on principles of judicial and file wrapper estoppel or otherwise, to show such a degree of similarity between its modified CS structure and the non-anticipatory Jones device as would effectively

and logically preclude, as inconsistent, that requisite degree of equivalency between the CS operator and the old infringing PP structure essential to sustain the findings below. Cf. Jeoffroy Mfg., Inc. v. Graham, supra; Union Carbide & Carbon Corp. v. Graver Tank & Mfg. Co., 7 Cir., 196 F.2d 103. While this Court, in the Jeoffroy, case, supra [219 F.2d 516], has recently limited and restricted the scope of a patentee's claimed monopoly on the basis of arguments and representations adopted "for the purpose of avoiding anticipation and establishing validity", which it viewed as "inconsistent with positions * * * assumed for the purpose of prevailing on the * * * issue of infringement," we think no such inconsistency in the prior course of this litigation exists as would justify application of the Jeoffroy rule, supra, in this contempt proceeding. Even conceding that appellee on the prior appeal may have incidentally argued, for the purpose of avoiding anticipation and sustaining the Ball patent's validity, that the centrifugal flyball mechanism of Jones did not function as a "clutch detent" within the meaning of claim 2 of the Ball patent, we think it obvious from even a cursory review of the devices revealed by the Jones and the Ball patents and the prior litigation that such element was not the material and controlling distinction between the two patented structures upon which the prior determination as to Ball's validity was based. Indeed, in spite of the inclusion in the CS structure of the distinctive centrifugal flyball element, we think it may still reasonably be viewed as a substantial departure from the teachings of Jones, for it fails to incorporate two other elements of the Jones patent, i. e. a solenoid and friction clutch, partially on the basis of which it was held non-anticipatory of Ball in the prior proceedings. In view of the actual structural and operational similarities between the two devices, we conclude that the district court was amply justified in finding that appellant's modified CS type structure was the substantial equivalent, in relation to the Ball patent, of its PP predecessor structure heretofore held to infringe.

Finally, if we were permitted to review independently of the district court's findings the issue of whether appellant's present infringement was "willful and deliberate," we might ourselves conclude that the prior course of this litigation and the Jones patent furnish a reasonable basis for a good faith belief that appellant was entitled to manufacture its presently accused CS structure, and that in doing so, it was guilty of no such conscious disregard of the prior injunction as would justify imposition of punitive damages under 35 U.S.C.A. § 284. See Enterprise Mfg. Co. v. Shapespeare Co., 6 Cir., 141 F.2d 916, 921; Power Speciality Co. v. Connecticut Light & Power Co., 2 Cir., 80 F.2d 874, 878. But ordinarily, an award of double damages under that statute is peculiarly within the sound discretion of the district court, and certainly no abuse of discretion is here shown which would justify review. See Russell Box Co. v. Grant Paper Box Co., 1 Cir., 203 F.2d 177, 183. However, we think the better practice in all infringement cases, whether initiated by contempt proceedings or otherwise, is to delay such finding until final judgment, and after an accounting has been had, since only then can the full nature and extent of the infringement be disclosed and a fully enlightened determination made as to whether a punitive award is justified. Jeoffroy Mfg., Inc., v. Graham, 5 Cir., 206 F.2d 772, 779.

The judgment is, therefore, modified so as to eliminate that portion decreeing that the present infringement has been willful and deliberate and, as so modified, it is affirmed. Costs are taxed against appellant.

Modified and affirmed.